# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | No. 24-1703 |
| **ROBERT HUNTER BIDEN** | : | |

## APPELLEE'S MOTION TO DISMISS APPEAL

The United States of America, by its attorneys, David C. Weiss, Special Counsel, Derek E. Hines, Senior Assistant Special Counsel, and Leo J. Wise, Principal Senior Assistant Special Counsel, moves to dismiss this appeal for lack of jurisdiction.

Appellant Robert Hunter Biden is charged in a three-count indictment with violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2) for making a false statement during a background check to deceive a firearms dealer when he acquired a firearm ("Count One"), 18 U.S.C. § 924(a)(1)(A) for making a false statement during a background check on paperwork that the firearms dealer was required to maintain ("Count Two"), and 18 U.S.C. §§ 922(g)(3) and 924(a)(2) related to his illegal possession of a firearm between October 12, 2018 and October 23, 2018 ("Count Three"). (ECF 40).

The matter is scheduled for trial in the district court on June 3, 2024. (Minute Entry, March 13, 2024).

At a status conference in the district court where the parties and the court discussed scheduling the trial in June 2024, the Appellant advised that he believed the Court's denial of his pending motions to dismiss would not be final orders or collateral orders that were subject to interlocutory appeal. His counsel stated, "I'm not a hundred percent sure, but we probably don't have a means to get reviewed by the appellate court right away." (ECF 94 March 13, 2024, Trans. at 6:3). What the Appellant said at the status conference was correct.

Nonetheless, Appellant now seeks to delay his trial by filing this appeal challenging the district court's denial of three pretrial motions. According to his notice of appeal filed with the district court, the Appellant appeals the district court's orders (1) denying Appellant's motion to dismiss the indictment for violating the immunity conferred by the Diversion Agreement, (2) denying Appellant's motion to dismiss the indictment for the improper appointment of the Special Counsel and violation of the Appropriations Clause, and (3) denying Appellant's motion to dismiss the indictment for violation of separation of powers. (ECF 103).

This Court does not have jurisdiction to address this interlocutory appeal, and it should be dismissed immediately.

# ARGUMENT

## A. The Appellant Cannot Establish Jurisdiction Because the Orders He Appeals are Not Final Orders or Collateral Orders

Before a Court proceeds to the merits of a dispute, it must be established that the Court has jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). The burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

This Court has jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937). *See also Parr v. United States*, 351 U.S. 513, 518 (1956). "In criminal cases, this prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Because "an order denying dismissal is not a 'final judgment of the district court'," this Court does not have jurisdiction over the appeal under 28 U.S.C. § 1291. *United States v. Soriano Nunez,* 928 F.3d 240, 243 (3d Cir. 2019).

The Supreme Court has allowed a departure from the final judgment rule only for the "limited category of cases falling within the 'collateral order' exception delineated in *Cohen* [*v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)] ...." *Flanagan v. United States*, 465 U.S. 259, 265 (1984); *Abney v.*

*United States*, 431 U.S. 651, 657 (1977); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 228 (3d Cir. 1998) (abrogated on other grounds). To fall within the limited class of final collateral orders, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. at 799 (internal citation omitted). "The importance of the final judgment rule has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" *Flanagan v. United States*, 465 U.S. at 265 (citing *Cobbledick v. United States,* 309 U.S., 323, 324–325 (1940)).

As the Supreme Court has noted:

> Although we have had numerous opportunities in the 40 years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause.

*Midland Asphalt Corp.*, 489 U.S. at 799 (cleaned up).[1]

---

[1] The Supreme Court has rejected other attempts to immediately appeal a pretrial order denying a motion to dismiss an indictment. *See Flanagan*, 465 U.S. at 268–70 (holding an order denying dismissal on grounds of pretrial disqualification of defense counsel is not truly collateral because dependent on prejudice to the defendant); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982) (holding an order denying dismissal on the grounds of prosecutorial vindictiveness is not immediately appealable because the right will not be lost if not appealed before trial); *United States v. MacDonald*, 435 U.S. 850, 861 (1978) (holding an order denying dismissal on grounds of the Sixth

None of the motions denied by the district court fall into these categories. Therefore, his appeal should be dismissed.

### (1) The Court's Order Denying Appellant's Motion to Dismiss the Indictment Based on Immunity Purportedly Conferred by a Pretrial Diversion Agreement is Not Subject to Interlocutory Appeal

The Appellant moved to dismiss the indictment arguing that a pretrial diversion agreement between himself and the government was in effect and that the agreement purportedly immunized him from the charged crimes. (ECF 60). The government opposed the Appellant's motion arguing that approval of the agreement by the Chief of United States Probation Office in the United States District Court for the District of Delaware was a condition precedent to formation and that, because approval had not occurred, the Appellant did not enjoy limited prosecutorial-conferred immunity from certain charges. (ECF 69). The district court denied the Appellant's motion finding that approval of the Chief of United States Probation was a condition precedent to formation of the agreement and since the agreement had not been approved, the Appellant did not enjoy the

---

Amendment speedy trial guarantee is not immediately appealable because the right to a speedy trial is not a right not to be tried); *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 32 (1943) (holding a claim of lack of jurisdiction is not immediately appealable); *Heike v. United States*, 217 U.S. 423, 431–33 (1910) (holding an order denying dismissal on grounds of statutory immunity is not immediately appealable because it is merely a defense and is not intended to secure a defendant from prosecution). The Court has emphasized that "exceptions to the final judgment rule in criminal cases are rare." *Flanagan*, 465 U.S. at 270.

limited immunity it provided, i.e. the government was not precluded from prosecuting Appellant. (ECF 97 at p. 9-14). The district court further found that even if it had been approved, the agreement was not enforceable because the contractual terms were not sufficiently definite. (ECF 97 at p. 14-16). The district court denied the Appellant's motion to dismiss. (ECF 98).

The district court's denial of the defendant's motion to dismiss based on immunity conferred in the diversion agreement does not fall within the collateral order exception to the final judgment rule. This was made clear in *Midland Asphalt,* where the Supreme Court held that:

> There is a "crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982). A right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial will not occur—as in the Double Jeopardy Clause ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"), *see Abney v. United States, supra*, or the Speech or Debate Clause ("[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place"), *see Helstoski v. Meanor, supra*.

489 U.S. at 801.

The immunity the defendant claims to enjoy is contained within the diversion agreement, a purported contract between the parties that he argued was in effect. That is different from a right not to be tried that "rests upon an explicit statutory or constitutional guarantee." Consistent with the Supreme Court's holding in *Midland Asphalt*, all Circuit Courts that have addressed the

- 6 -

immediate appealability of denials of motions to dismiss based on claims of immunity conferred through plea agreements, nonprosecution agreements, cooperation agreements, grants of transactional immunity and testimony immunity have held that such denials do not fall within the collateral order doctrine. *United States v. Bailey*, 34 F.3d 683, 691 (8th Cir. 1994) (nonprosecution agreement and immunized statements); *United States v. Dederich*, 825 F.2d 1317, 1321 (9th Cir. 1987) (state grant of immunity); *John Doe Corp. v. United States*, 714 F.2d 604, 606–07 (6th Cir. 1983) (plea agreement); *United States v. Bird*, 709 F.2d 388, 392 (5th Cir. 1983) (nonprosecution agreement); *United States v. Brizendine*, 659 F.2d 215, 226 (D.C. Cir. 1981) (plea bargain process); *United States v. Eggert*, 624 F.2d 973, 975–76 (10th Cir. 1980) (plea bargain); *United States v. Solano*, 605 F.2d 1141 (9th Cir. 1979) (plea agreement); *United States v. Cavin*, 553 F.2d 871, 872–74 (4th Cir. 1977) (immunized statements).[2] Only the Second Circuit has ever found that a plea agreement barring prosecution protected a defendant not merely from

---

[2] For the same reason, other circuits have held that denials of motions to dismiss based on violations of plea agreements, specifically agreements not to indict or otherwise prosecute a defendant, are not subject to the collateral order doctrine. *See, e.g., United States v. Ecker*, 232 F.3d 348, 350 (2d Cir. 2000) ("an order denying a motion to dismiss based on an allegedly breached plea agreement is not appealable prior to the entry of final judgment") (*citing United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998)); *United States v. Lewis*, 844 F.3d 1007, 1010 (8th Cir. 2017) (same); *United States v. Ledon*, 49 F.3d 457, 459–60 (8th Cir. 1995) (same); *United States v. Crosby*, 20 F.3d 480, 487 (D.C. Cir. 1994) (same); *United States v. Eggert*, 624 F.2d at 975–76 (same).

punishment, but from trial itself. *See United States v. Abbamonte*, 759 F.2d 1065, 1070–71 (2d Cir. 1985). However, following the Supreme Court's decision in *Midland Asphalt*, the Second Circuit explicitly overruled *Abbamonte* and related rulings and found it lacked jurisdiction to hear an interlocutory appeal of an immunity claim rooted in a plea agreement, aligning the Second Circuit with all other circuits on this question. *United States v. Macchia*, 41 F.3d 35, 39 (2d Cir. 1994).

While it was not postured as an interlocutory appeal, in *Stolt-Nielsen, S.A. v. U.S.*, this Court recognized that: "[w]hen a district court rejects prior to trial a defendant's contention that an immunity agreement bars his conviction, the defendant may not avail himself of an interlocutory appeal challenging that decision; rather, the availability of dismissal after final judgment will adequately protect and secure the defendant for the benefit of his bargain under the nonprosecution agreement if he is entitled to it." 442 F.3d 177, 186 (3d Cir. 2006) (internal citations omitted). And claims of immunity are matters routinely appealed and reviewed after a trial and final judgment, not in an interlocutory appeal. *See e.g.*, *United States v. Pantone*, 634 F. 2d 716 (3d Cir. 1980) (reviewing claim that prosecutors used testimony of defendant provided under grant of use immunity); *United States v. Semkiw*, 712 F.2d 891 (3d Cir. 1983) (reviewing claim that prosecutors used defendant's testimony that was provided under use immunity grant); *United States v. Carter*, 176 Fed. Appx. 246 (3d Cir.

2006) (unreported decision discussing whether prosecutors violated terms of proffer agreement that provided use immunity); *United States v. Cohen*, 171 F.3d 796 (3d Cir. 1999) (discussing defendant's claim that government used immunized testimony); *United States v. Webb*, 499 Fed. Appx. 210 (3d Cir. 2012) (unreported decision discussing challenge to validity of proffer agreement that provided defendant with use immunity).

Accordingly, this Court lacks jurisdiction to hear an interlocutory appeal of the district court's denial of the Appellant's motion to dismiss the indictment based on immunity purportedly conferred by the diversion agreement.

**(2) The Court's Order Denying Appellant's Motion to Dismiss the Indictment Because Special Counsel Was Unlawfully Appointed and the Prosecution Violates Appropriations Clause Is Not Subject to Interlocutory Appeal**

Appellant moved to dismiss the indictment on the grounds that Special Counsel David C. Weiss was unlawfully appointed and, alternatively, because the Department of Justice's funding of Mr. Weiss in his role as Special Counsel violates the U.S. Constitution's Appropriations Clause. (ECF 62). As to the former, Appellant argued that the Special Counsel's appointment violated a set of regulations promulgated by the Department regarding the appointment and supervision of Special Counsel. (ECF 62). The government argued that both Mr. Weiss's appointment as Special Counsel and the funding he received in that role are lawful. (ECF 72). The district court denied the Appellant's motion. (ECF 101).

The district court's denial of the Appellant's motion to dismiss does not

satisfy the *Cohen* test. Specifically, the district court's denial of the motion to dismiss based on arguments about the Special Counsel's appointment and funding can be reviewed on direct appeal from a final judgment. *Collinsgru*, 161 F.3d at 229 (citing *Cohen v. Beneficial Indus. Loan Corp.*).

While no court has found that a denial of a motion to dismiss based on claims that a special counsel was unlawfully appointed is subject to an interlocutory appeal, other courts have addressed an analogous argument concerning internal Department of Justice regulations. For example, in *United States v. Morales*, a defendant moved to dismiss an indictment on the grounds that the Department of Justice was violating the "Petite policy," an internal departmental regulation that provides that "after a state trial a subsequent federal trial for the same conduct should not occur absent compelling reasons and prior approval by the Justice Department." 682 Fed. App'x. 690, 693 (10th Cir. 2017). The Tenth Circuit held that:

> We have repeatedly reiterated that a defendant is not entitled to dismissal of an indictment even if the government does not comply with its *Petite* policy. And because that is so, there is no merit whatsoever to a criminal defendant's motion to dismiss an indictment premised on the United States's alleged violation of or refusal to implement the *Petite* policy. Therefore, jurisdiction to entertain an interlocutory appeal from the denial of such a motion does not exist.

*Id.* (cleaned up).

The district court similarly found that "[t]his is a criminal matter, and Defendant is a person attempting to rely upon the regulations to create an enforceable

substantive (and procedural) right. By its clear terms, the DOJ regulations prohibit Defendant from doing so. He is not entitled to dismissal (or any other remedy) in this case even if the DOJ has violated its own DOJ regulations." (ECF 101 at p. 2). Thus, the Tenth Circuit's logic that there is no interlocutory jurisdiction to hear a denial of a motion to dismiss predicated on an alleged violation of departmental regulations applies equally here.

Accordingly, this Court lacks jurisdiction to hear an interlocutory appeal of the district court's denial of the Appellant's motion to dismiss the indictment based on arguments that the Special Counsel's appointment and the appropriation funding him are unlawful.

**(3) The Court's Order Denying Appellant's Motion to Dismiss Based on Selective and Vindictive Prosecution and a Violation of the Separation of Powers is Not Subject to Interlocutory Appeal**

Appellant moved the district court to dismiss the indictment arguing it was a product of vindictive and selective prosecution and a violation of the separation of powers. (ECF 63). The district court found that Appellant failed to support his motion with "clear evidence" and instead relied on his own "speculation and suspicion." (ECF 99, pp. 6-18). The district court found the Appellant's breach of separation of powers argument "not credible." (ECF 99, p. 19). The district court denied Appellant's motion to dismiss. (ECF 99).

The Supreme Court has held that denial of a motion to dismiss based on claims of vindictive and selective prosecution are not subject to interlocutory

appeal. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982) (per curiam); *Flynt v. Ohio*, 451 U.S. 619 (1981). As the Ninth Circuit explained in *United States v. Butterworth*, "[a]ppellants' right to be free from selective prosecution, like the right asserted in vindictive prosecution claims, may be vindicated in an appeal from the final judgment" and, therefore, any interlocutory appeal must be dismissed. 693 F.2d at 101 (9th Cir. 1982). Other courts have found the same. *See, e.g., United States v. Mulherin*, 710 F.2d 731, 743 (11th Cir. 1983); *United States v. Gregory,* 656 F.2d 1132, 1135 (5th Cir. 1981) (a claim of prosecutorial vindictiveness does not seek to protect a right of such a special nature that it presents a compelling need for immediate review).

In his notice of appeal, Appellant provided notice that he is appealing only the court's decision related to his separation of powers argument, not the selective and vindictive arguments addressed in that same order. (ECF 103). In his 69-page motion to dismiss, Appellant devoted only a few pages to arguments related to an alleged breach of separation of powers. (ECF 63 at pp. 54-58). In addressing the defendant's separation of powers argument, the district court explained, "[t]he gist of the Defendant's argument is that the Legislative Branch has failed to respect the prosecutorial discretion vested in the Executive Branch and instead attempted to usurp that authority." (ECF 99 at pp. 18-19). Finding the Appellant's arguments "not credible," the district court stated, "apart from Defendant's finger-pointing and speculation, the Court has been given no

evidence to support a finding that anyone other than the Special Counsel, as part of the Executive Branch, is responsible for the decision to indict Defendant in this case . . ." (ECF 99 at p. 19).

The district court's denial of the Appellant's motion to dismiss does not satisfy the *Cohen* test. Specifically, the district court's denial of the motion to dismiss based on arguments about a supposed breach of separation of powers (or selective or vindictive prosecution allegations) can be reviewed on direct appeal from a final judgment. *Collinsgru*, 161 F.3d at 229 (citing *Cohen v. Beneficial Indus. Loan Corp.*).

The D.C. Circuit has specifically found that an order denying a motion to dismiss an indictment on separation of powers grounds is not immediately appealable. In *United States v. Cisneros*, the defendant, the former Secretary of Housing and Urban Development Henry Cisneros moved to dismiss charges that he violated 18 U.S.C. § 1001 when he lied during an FBI background investigation as he prepared to join the Clinton Administration. He argued that his prosecution violated the separation of powers doctrine. 169 F.3d 763, 765 (D.C. Cir. 1999). The D.C. Circuit found that the district court's denial of Cisneros's motion to dismiss based on a violation of the separation of powers did not fall within the collateral order doctrine announced by the Supreme Court in *Cohen*. *Id.* at 767. Of particular relevance here, the D.C. Circuit noted that Cisneros could not meet the third *Cohen* factor:

> Cisneros, like any criminal defendant, may raise separation of powers as a defense. But it scarcely follows that whenever a defendant relies on the separation-of-powers doctrine, the defendant's right must be treated as if it rested on an explicit guarantee that trial will not occur. Most separation-of-powers claims are clearly not in that category. A few may be. For instance, a trial court's order denying a President's claim of separation-of-powers immunity from civil actions during his term of office falls within the collateral order doctrine: the right asserted would be irretrievably lost if there could be no immediate appeal.

*Id.* at 769 (cleaned up). Appellant's separation of powers argument, like Cisneros's, is not the kind that falls into the narrow category in which there is an "explicit … guarantee that trial will not occur." *Midland Asphalt Corp.*, 489 U.S. at 801. As the D.C. Circuit further held, "if there is merit to [the defendant's] claim about … infringement on the President's… prerogatives … there will be time enough in an appeal from the final judgment to vindicate the separation of powers." *Cisneros*, 169 F.3d at 770-741.

Accordingly, this Court lacks jurisdiction to hear an interlocutory appeal of the district court's denial of the Appellant's motion to dismiss the indictment based on vindictive and selective prosecution and breach of separation of powers.

**B.     CONCLUSION**

Given the absence of jurisdiction in this Court, the criminal prosecution should proceed in the district court, as a plainly improper notice of appeal does not divest the district court of jurisdiction. *Venen v. Sweet*, 758 F.2d 117, 121 &

n.3 (3d Cir. 1985) ("the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable") (quoting *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962), and citing numerous cases). The government respectfully requests that this Court dismiss this appeal immediately.

        Respectfully submitted,

        DAVID C. WEISS
        SPECIAL COUNSEL

By: *[signature]*
_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

# CERTIFICATE OF COMPLIANCE

I, Derek E. Hines, hereby certify that this motion complies with (1) the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 3,657 words, and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia 13- point font.

*/s Derek E. Hines*
DEREK E. HINES
Senior Assistant Special Counsel

DATED: April 19, 2024.

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

        Bartholomew J. Dalton, Esq.
        Email: bdalton@bdaltonlaw.com
        Dalton & Associates
        1106 W 10th Street
        Cool Spring Meeting House
        Wilmington, DE 19806

        Abbe D. Lowell, Esq.
        Email: adlowell@winston.com
        Winston & Strawn
        1901 L Street NW
        Washington, DC 20036

        Christopher D. Man, Esq.
        Email: cman@winston.com
        Winston & Strawn
        1901 L Street NW
        Washington, DC 20036

        */s Derek E. Hines*
        DEREK E. HINES
        Senior Assistant Special Counsel

DATED: April 19, 2024.