**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE THIRD CIRCUIT**

UNITED STATES OF AMERICA  :

    v.                :        **No. 24-1703**

ROBERT HUNTER BIDEN    :

**APPELLEE'S MOTION FOR EXPEDITED BRIEFING
AND RULING ON APPELLEE'S MOTION TO DISMISS**

The United States of America, by its attorneys, David C. Weiss, Special Counsel, Derek E. Hines, Senior Assistant Special Counsel, and Leo J. Wise, Principal Senior Assistant Special Counsel, presents this motion to expedite the briefing and ruling on the pending motion to dismiss (Docket Entry # 9).

Appellant Robert Hunter Biden is charged in a three-count indictment with violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2) for making a false statement during a background check to deceive a firearms dealer when he acquired a firearm ("Count One"), 18 U.S.C. § 924(a)(1)(A) for making a false statement during a background check on paperwork that the firearms dealer was required to maintain ("Count Two"), and 18 U.S.C. §§ 922(g)(3) and 924(a)(2) related to his illegal possession of a firearm between October 12, 2018 and October 23, 2018 ("Count Three"). (ECF 40).

The matter is scheduled for trial in the district court on June 3, 2024. (Minute Entry, March 13, 2024).

At a status conference in the district court where the parties and the court discussed scheduling the trial in June 2024, the Appellant advised that he believed the court's denial of his pending motions to dismiss were not final orders or collateral orders that were subject to interlocutory appeal. His counsel stated, "I'm not a hundred percent sure, but we probably don't have a means to get reviewed by the appellate court right away." (ECF 94 March 13, 2024, Trans. at 6:3). What the Appellant said at the status conference was correct.

Nonetheless, Appellant now seeks to delay his trial by filing the instant appeal challenging the district court's denial of three pretrial motions. He filed a reply to a "Status Report" in the district court in which he incorrectly contends that the district court has been divested of its jurisdiction simply by noticing this appeal and is refusing to comply with the district court's order requiring the parties to provide proposed pretrial deadlines. (ECF 96, 107).

According to his notice of appeal filed with the district court, the Appellant appeals the district court's orders (1) denying Appellant's motion to dismiss the indictment for violating the immunity conferred by the Diversion Agreement, (2) denying Appellant's motion to dismiss the indictment for the improper appointment of the Special Counsel and violation of the Appropriations Clause, and (3) denying Appellant's motion to dismiss the indictment for violation of separation of powers. (ECF 103)

This Court does not have jurisdiction to address this interlocutory appeal, and it should be dismissed immediately. Upon receipt of the Appellant's Notice of

Appeal on April 17, 2024, this Court immediately issued an Order requesting briefing on the threshold jurisdictional question, within 14 days, because the "orders on appeal may not be final and may not be otherwise appealable at this time." *United States v. Biden*, Case No. 24-1703, Doc. No. 2 (3rd Cir. April 17, 2024).

Specifically, the Court's Order stated:

> Appellant seeks review of the District Court orders entered April 12, 2024, denying three motions to dismiss the indictment. The orders on appeal may not be final and may not otherwise be appealable at this time. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984); *United States v. Soriano Nunez*, 928 F.3d 240, 243 (3d Cir. 2019) ("An order denying dismissal of an indictment is not a 'final judgment of the district court.'"). *See also United States v. Hollywood Motor Car Co., Inc.,* 458 U.S. 263 (1982); *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989). All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order.

*Id.*

On April 19, 2024, the United States filed a motion to dismiss the appeal for lack of jurisdiction. Given the pending trial date on June 3, 2024, the pretrial deadlines and matters that must be resolved by the district court in advance of that trial, and the defendant's incorrect claims before the district court that this appeal has divested the district court of jurisdiction, the United States respectfully asks that this Court rule on the Appellee's motion to dismiss immediately. Given that the United States prepared and filed a motion to dismiss within two days of receipt of notice of the defendant's appeal, the government requests that the Court order the Appellant to respond to the motion to dismiss on or before Tuesday, April 23,

2024. The United States also respectfully requests an expedited ruling on the motion.

On April 19, 2024, the United States contacted counsel for the Appellant to request his position on this motion. Counsel for the Appellant, Christopher Man, advised that the Appellant opposes the request for an expedited briefing deadline for his response to the motion to dismiss. Counsel for the Appellant, Christopher Man, also advised that the Appellant opposes a request for an expedited ruling on the pending motion to dismiss.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: _____

Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

**CERTIFICATE OF COMPLIANCE**

I, Derek E. Hines, hereby certify that this motion complies with (1) the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 813 words, and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia 13- point font.

*/s Derek E. Hines*
DEREK E. HINES
Senior Assistant Special Counsel

DATED: April 19, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Bartholomew J. Dalton, Esq.
Email: bdalton@bdaltonlaw.com
Dalton & Associates
1106 W 10th Street
Cool Spring Meeting House
Wilmington, DE 19806

Abbe D. Lowell, Esq.
Email: adlowell@winston.com
Winston & Strawn
1901 L Street NW
Washington, DC 20036

Christopher D. Man, Esq.
Email: cman@winston.com
Winston & Strawn
1901 L Street NW
Washington, DC 20036


*/s Derek E. Hines*
DEREK E. HINES
Senior Assistant Special Counsel

DATED:  April 19, 2024.