No. 24-1703

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

―――――――――――

UNITED STATES OF AMERICA,

*Appellee*,

v.

ROBERT HUNTER BIDEN,

*Defendant-Appellant*.

―――――――――――

On Appeal from the United States District Court for the District of Delaware,
No. 1:23-cr-00061-MN-1

―――――――――――

**APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO EXPEDITE BRIEFING AND RULING ON HIS MOTION TO DISMISS**

―――――――――――

ABBE DAVID LOWELL
  *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

April 22, 2024

At the end of the day on Friday, April 19, 2024, the Special Counsel filed a motion to dismiss Mr. Biden's appeal for lack of jurisdiction (DE 9) and then filed this motion to expedite briefing and a ruling on his motion (DE 10). This motion to expedite, like his motion to dismiss, was filed after this Court, on April 17, 2024, already had set an expedited briefing schedule to address, by May 1, 2024, the very same jurisdictional issues the Special Counsel has addressed in its late filing. (DE 2, Order). In what seems an attempted end-run around the existing schedule, the Special Counsel wants to cut in half or more the briefing timetable ordered by this Court without regard to other demands on this Court, counsel here, or the rights of litigants in other appeals. The Special Counsel asks that this motion be given priority over all those other matters; its request should be denied.

The Court already has expedited consideration of its jurisdiction over the appeal by having that issue addressed ahead of full merits briefing, with filings due within fourteen days after the notice of appeal was filed. Two weeks *is* expeditious and, with the important issues at stake, Mr. Biden's counsel should not be confined to having to prepare a response in three days—based solely on some imagined urgency by the Special Counsel—when the request to do that was made at the beginning of one holiday observed by Mr. Biden's lead counsel, and when the work and proposed due date would occur over the first two observed days of the Passover holiday.

To be clear, there is no urgency. After changing its position from a diversion agreement for purchase of a firearm to three felonies, the Special Counsel charged Mr. Biden with firearm offenses related to drug abuse that occurred more than five and a half years ago and after he has been sober for nearly five years. The Special Counsel relies heavily on Mr. Biden's memoir, *Beautiful Things*, which was published in 2021, to build its case, but waited years after publication to charge Mr. Biden (with charges that are virtually never brought as standalone felonies against someone who has recovered from drug addiction and who never engaged in a violent crime). Mr. Biden remains free on bond and in compliance with his pre-trial conditions of release. There is no need for Mr. Biden to be tried immediately, as the Special Counsel's delay in charging him demonstrates.

In addition, the case is not yet eight months since being filed, and the district court's denial orders from the motions filed in December 2023 occurred just nine days ago. Furthermore, there is no firm June 3, 2024 trial date set in this case. It was a proposed ("penciled" in) date set aside by the Court at the March 13 telephone status conference,[1] before this appeal was taken, and there is no current pre-trial

---

[1] During the telephone conference held with the parties on March 13, 2024, the Court stated: "I wanted to get an idea of what you're thinking in terms of timing and length of trial so we can pencil something in if we need it" (3/13/2024 Tr. at 3:3–6), and again, "Okay. So why don't we pencil this in for the weeks of June 3rd and June 10th. . . ." (*Id.* at 10:14–15). *See* Min. Ent. at 3/13/2024 (the Court setting aside the weeks of June 3 and June 10, 2024 for a jury trial).

2

schedule in effect for the various filings and events (*e.g.*, expert disclosures, exhibit exchanges, proposed jury instructions, motions *in limine*). The appeal concerning whether there should be a trial should be decided before any trial occurs.

Additionally, the Special Counsel failed to inform this Court that the penciled-in date might not occur in any event, regardless of this appeal, because the principal firearm statute charged has been found unconstitutional by the Fifth Circuit, *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), and a motion to dismiss on that basis remains pending in the district court in this case. The United States has sought certiorari in *Daniels*, No. 23-376 (U.S. filed Oct. 5, 2023). Depending on the decision on the motion, it could be the Special Counsel who next files an interlocutory appeal[2] in this case when the district court follows the Fifth Circuit's lead, as it should, and dismisses the indictment.

---

[2] The Special Counsel chides one of Mr. Biden's counsel and misstates what was said at the March 13, 2024 status conference a month before the district court issued its orders denying the motions to dismiss. Defense counsel did not "advise[] that he believed the court's denial of . . . pending motions to dismiss were not final orders or collateral orders," as the Special Counsel claims. (Mot.Exped.2.) He said only that he was not "a hundred percent sure" of whether Mr. Biden could take an interlocutory appeal from orders that had not yet been issued. Defense counsel was not "a hundred percent sure," nor could he be until he knew what orders the trial court entered and on what bases. Those orders have now been issued, and defense counsel subsequently researched the issue and filed the notice of appeal because, as will be demonstrated in Mr. Biden's filing on or by May 1, counsel determined that such an interlocutory appeal has a legal basis and is appropriate.

The Special Counsel boasts that it prepared its motion in "two days" (Mot.Exped.3), but the legal errors that permeate its motion to dismiss only underscore why more time is needed to adequately research and thoughtfully brief the jurisdictional issues for this Court. The Special Counsel ignores numerous bases for jurisdiction (*e.g.*, 28 U.S.C. §§ 1291 (collateral order doctrine), 1292(a)(1) (denial of Appropriations Clause injunction), and 1651 (mandamus)) over this appeal, and the legal claims it does make are flatly wrong, *compare* Mot.6 (falsely claiming "all Circuit Courts" reject reviewing denials of motions to enforce plea agreements as collateral orders), *with United States v. Morales*, 465 F. App'x 734, 736 (9th Cir. 2012) ("We also have jurisdiction over interlocutory appeals of orders denying a motion to dismiss an indictment on the ground that it was filed in breach of a plea agreement."). Mr. Biden will fully demonstrate the bases for jurisdiction and the Special Counsel's errors when he responds to the motion to dismiss in the already-expedited schedule the Court has ordered.

April 22, 2024

Respectfully submitted,

/s/ *Abbe David Lowell*
ABBE DAVID LOWELL
  *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

# CERTIFICATE OF COMPLIANCE

I, Abbe David Lowell, hereby certify that this response complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 850 words, and the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: April 22, 2024

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Defendant-Appellant*
*Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Appellant's Response was filed electronically on April 22, 2024, and will, therefore, be served electronically upon all counsel.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Defendant-Appellant*
*Robert Hunter Biden*