IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 24-1703 |
| ROBERT HUNTER BIDEN | : | |

GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE
COURT'S ORDER INVITING RESPONSES REGARDING
FINALITY OF DISTRICT COURT ORDERS

On April 17, 2024, this Court issued an order stating that "[t]he orders on appeal may not be final and may not otherwise be appealable at this time" and directing the parties to file written responses regarding the finality of the district court's judgment.[1] (Dkt. 2) The government, as appellee, respectfully responds to that order as follows:

## ARGUMENT

### I. The Orders on Appeal Are Not Yet Final or Appealable for the Reasons Stated in the Government's Motion to Dismiss

The orders on appeal are not final and are not otherwise appealable at this time. For the reasons set forth in the government's Motion to Dismiss, Dkt. 10, which is incorporated herein by reference, Appellant cannot establish that this Court has jurisdiction over the denials of his motions to dismiss for (1) immunity

---

[1] An order issued on April 22, 2024 revised the deadline for these submissions to April 29, 2024 (Dkt. 13).

1

allegedly conferred by the diversion agreement, (2) the government's "unlawful" appointment or violations of the appropriations clause or (3) a violation of the separation of powers. The four cases the Court cited in its April 17, 2024 order, *Flanagan v. United States*, 465 U.S. 259, 263 (1984), *United States v. Soriano Nunez*, 928 F.3d 240, 243 (3d Cir. 2019), *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263 (1982), *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989) all support that conclusion and are discussed in the government's motion to dismiss.

In his opposition to the government's motion to expedite, Appellant cited an unreported Ninth Circuit case in his attempt to counter the government's argument that all circuit courts reject reviewing denials of motions to enforce plea agreements as collateral orders. (Resp. Mot. Exped. at 4). But *United States v. Morales*, 465 Fed. Appx. 734, 736 (9th Cir. 2012) involved a claim of double jeopardy and does not support this Court's jurisdiction over a denial based on a plea agreement no matter how roughly Appellant hews it. *See United States v. Foakes*, 2023 WL 2394533, *2 (N.D.Ca. 2023) (discussing applicable Ninth Circuit precedent and finding no basis for interlocutory appeal where "the instant case does not have a double jeopardy claim to anchor the interlocutory appeal.")

The district court's order in this case did not reject a double jeopardy claim because Appellant did not raise one. Nor could he. Without it, *Morales* is inapposite and lends no support to his argument for interlocutory appellate

jurisdiction under Section 1291.[2] Here, Appellant appeals a denial based only upon an alleged breach. Unlike Morales', Appellant's claim lacks a constitutional basis. Unmoored from a double jeopardy claim, this court can exercise no interlocutory jurisdiction over the breach claim.

## II. This Court Lacks Any Other Basis for Jurisdiction as Baldly Alleged in the Appellant's Response to the Motion to Expedite

The jurisprudence discussed in the government's Motion to Dismiss provides no basis for Section 1291 jurisdiction because the district court's orders are not final or appealable as collateral orders. Inexplicably, at the end of Appellant's Response to Appellee's Motion to Expedite, he asserts that the government "ignores numerous bases for jurisdiction (e.g. 28 U.S.C. §§ 1291 (collateral order doctrine) ….)" (Resp. Mot. Exped. at 4). But the government addressed at length in its Motion to Dismiss that none of the district court's orders denying Appellant's various motions to dismiss fall within the collateral order doctrine. As stated above, the government incorporates those arguments herein by reference, and addresses below the two other "bases" Appellant now claims support jurisdiction: denial of an "Appropriations Clause injunction" and "mandamus." (Resp. Mot. Exped. at 4).

---

[2] As set forth in Appellee's Motion to Dismiss at pages 6-8, there is an abundance of caselaw from the Ninth Circuit and other circuits making plain that a denial of a motions to dismiss based on violations of plea agreements untethered from double jeopardy claims are not subject to the collateral order doctrine.

### a. Appellant Cannot Appeal a Denial from An Injunction He Never Sought

Appellant never sought an injunction from the district court. He first mentioned a "denial of [an] Appropriations Clause injunction" in his opposition to Appellee's motion to expedite filed in this Court last week. (Resp. to Mot. To Exped. at 4.) But there is no injunction denial from which he can appeal. And even if he *had* sought a restraining order from the district court and been denied, that denial would not be immediately appealable. In short, claims of unlawful prosecution based on legal questions and statutory interpretation like the ones raised by Appellant are not proper for interlocutory appeals. And the lack of interlocutory jurisdiction reflects the executive branch's exclusive discretion over the decision to prosecute a case. *See Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (as amended) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)).

Congress' long-standing policy against piecemeal appeals has only a narrow exception in 28 U.S.C. Section 1292(a)(1), which does not apply to Appellant's claims. *Carson v. American Brands*, 450 U.S. 79, 84 (1981) (explaining that only limited conditions support this exception to the final judgment rule; otherwise, the statutory purpose of Section 1292(a)(1) would be undermined.). Even if Appellant had sought an injunction, he could not make the required showing that an order denying any such hypothetical injunction (1) would have a serious, irreparable

consequence and (2) could only be effectually challenged by immediate appeal. *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480-81 (1978).

### 1. Appellant Will Not Be Irreparably Harmed by Facing Trial

If Appellant had sought an injunction and been denied, he nonetheless could not show that he will suffer irreparable harm if the criminal prosecution continues. The district court rejected Appellant's arguments that his prosecution violated the Appropriations Clause. The potentially "irreparable consequence" Appellant faces as a result of this adverse ruling is being required to stand trial for the criminal charges brought against him. Standing trial does not constitute serious and irreparable harm within the meaning of Section 1292(a)(1)'s narrow exception to the final judgment rule. The Supreme Court has explicitly held that being indicted and forced to assert a defense is not irreparable injury. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (criminal prosecution is not an irreparable harm). Similarly, in denying a civil injunction of a criminal prosecution brought under an allegedly unconstitutional state law, the Supreme Court has explained, "The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." *Younger v. Harris*, 401 U.S. 37, 46 (D.C. Cir. 1987) (internal quotation omitted).

### 2. Appellant Would Have the Opportunity for Effectual Review of the Denial of Injunctive Relief Post-Trial

Had Appellant been denied injunctive relief, he would still have the opportunity for this Court to review his Appropriations Clause claim on an appeal from final judgment. Therefore, he is unable to make the required showing that any injunctive relief denial can only be effectually challenged by immediate appeal. *Carson v. American Brands*, 450 U.S. at 84. In *Deaver v. Seymour,* the D.C. Circuit considered and rejected a civil challenge to a prosecution brought by a former deputy chief of staff to enjoin prosecution by an independent counsel based on the alleged unconstitutionality of the Ethics in Government Act. 822 F.2d 66 (D.C. Cir. 1987). The court determined that defendant's claims could be vindicated by a reversal of conviction. *Id*. at 71. The D.C. Circuit explained that even if the defendant had styled his challenge as a motion to dismiss in the criminal case, the final judgment rule would bar an appeal until after conviction. *Id*. Here, the Appellant did challenge the authority of the Special Counsel to bring charges in a motion to dismiss. The same conclusion applies.

### b. This Court Lacks Jurisdiction Under 28 U.S.C. Section 1651 Even If Appellant Had Filed a Mandamus Petition

Appellant did not file a writ for a petition of mandamus. He first mentioned "mandamus" as a basis for this Court's jurisdiction over his appeal in his opposition to Appellee's motion to expedite filed in this Court last week. (Resp. to

Mot. Exped. at 4). However, even if Appellant had filed a mandamus petition, the district court's denial orders do not warrant such a drastic remedy.

Mandamus cannot be used as a substitute for appeal. *Will v. United States*, 389 U.S. 90, 96-97 (1967). The remedy provided for in 28 U.S.C. § 1651 is "a drastic one, to be invoked only in extraordinary situations." *United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992) (citation omitted). *See also In re United States*, 273 F.3d 380, 385 (3d Cir. 2001) (noting that in the criminal context, mandamus is both "extraordinary" and "exceptional"); *United States v. Farnsworth*, 456 F.3d 394, 401 (3d Cir. 2006).

Appellant's case does not present an extraordinary situation warranting mandamus. Specifically, he could not have met the mandamus standard because (1) the district court did not clearly err, (2) adequate alternative remedies are available, including post-trial appeal, and (3) he has no anticipated irreparable injury. *See United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994). *See also Kerr v. United States Dist. Court for Northern Dist. of Cal.,* 426 U.S. 394, 403 (1976) (setting forth the factors as follows: (1) that the petitioner must have no other adequate means to attain the relief he desires - a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process; (2) shows his right to the writ is "clear and indisputable;" and (3) the issuing court exercises its discretion in determining the writ is appropriate under the circumstances).

Even if (1) Appellant had sought mandamus and (2) all three of these legal prerequisites were satisfied (they are not, for the reasons that follow), this Court may – and should – exercise its discretion and deny such relief. *See Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943); *United States v. Olds*, 426 F.2d 562, 565 (3d Cir. 1970).

### 1. The district court's denials were not clearly erroneous

The district court did not clearly err in any of the three orders that the Appellant appeals. As explained in Appellee's Motion to Dismiss, the court below committed *no* error. Even if it had, mandamus would not be an appropriate remedy for routine errors. *Santtini*, 963 F.2d at 593. For mandamus to issue, the district court must have committed an abuse so palpable that it amounts to a "clear error of law." *Wexler*, 31 F.3d at 128. Neither happened here.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Clear error may also be found where a district court committed a "clear abuse of discretion." *Cheney*, 542 U.S. at 380. The district court did not clearly err in denying the Appellant's motions, as discussed below.

### a. The district court's denial of the Diversion Agreement motion was not clear error

The district court committed no clear error in denying Appellant's motion to dismiss the indictment for violating the immunity conferred by the Diversion Agreement. (ECF 103). The district court's denial was based upon its finding that approval by the Chief of United States Probation was a condition precedent to formation of the agreement and since the agreement had not been approved, the Appellant did not enjoy the immunity it would have provided. (ECF 97 at p. 9-14). The district court further found that even if it had been approved, the agreement was not enforceable because the contractual terms were not sufficiently definite. (ECF 97 at p. 14-16). The district court based its denial on facts in the record and long-standing contract jurisprudence. (ECF 98). Appellant cannot meet his burden of establishing a "clear error of law" with respect to the denial based on his "breached" Diversion Agreement argument.

### b. The district court's denial of Appellant's motion based on allegedly improper appointment of the Special Counsel and violation of the Appropriations Clause was not clear error

The district court's denial of Appellant's motion to dismiss the indictment for the improper appointment of the Special Counsel and violation of the Appropriations Clause was not clear error. (ECF 103). The district court found that "[t]his is a criminal matter, and Defendant is a person attempting to rely upon the regulations to create an enforceable substantive (and procedural) right. By its clear

9

terms, the DOJ regulations prohibit Defendant from doing so. He is not entitled to dismissal (or any other remedy) in this case even if the DOJ has violated its own DOJ regulations." (ECF 101 at p. 2). The district court also found that because the Special Counsel was lawfully appointed, the appropriated funds "may lawfully be used for his expenditures." (ECF 101 at p. 8). *See, e.g., United States v. Stone*, 394 F. Supp. 3d 1, 17-23 (D.D.C. 2019). The district court's conclusion and its reasoning are not clear error that would warrant mandamus.

### c. The district court's denial of Appellant's motion to dismiss the indictment based on separation of powers was not clear error[3]

The district court did not clearly err in denying Appellant's separation of powers argument as unsupported by "clear evidence" and based upon "speculation and suspicion." (ECF 99, pp. 6-18). The district court found that, as a factual matter, his claim was simply "not credible." (ECF 99, p. 19). There is no evidence in the record from which this Court could form a "definite and firm conviction" that the district court erred. *United States v. U.S. Gypsum Co.*, 333 U.S. at 395.

In fact, Appellant devoted only a few pages of his motion to arguing a breach of separation of powers. (ECF 63 at pp. 54-58). The district court appropriately summarized it thus: "[t]he gist of the Defendant's argument is that the Legislative Branch has failed to respect the prosecutorial discretion vested in the Executive

---

[3] Appellant is not appealing the denial of his motion based upon selective and vindictive prosecution. *See* Appellant's Notice of Appeal (ECF 103).

Branch and instead attempted to usurp that authority." (ECF 99 at pp. 18-19). The district court considered Appellant's unsupported claims and properly denied relief, explaining "apart from Defendant's finger-pointing and speculation, the Court has been given no evidence to support a finding that anyone other than the Special Counsel, as part of the Executive Branch, is responsible for the decision to indict Defendant in this case . . ." (ECF 99 at p. 19). The district court did not err.

**2. Appellant retains an adequate legal remedy**

Moreover, Appellant retains an adequate legal remedy besides mandamus: his right to a post-trial appeal of the district court's denial of his motion to dismiss. It is a "basic doctrine of equity jurisprudence" that "courts should not exercise their equitable discretion to enjoin criminal proceedings, as long as the defendant has an adequate legal remedy in the form of trial and direct appeal." *In re Al-Nashiri*, 835 F.3d 110, 118 (D.C. Cir. 2016) The district court did not deny Appellant "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Flanagan v. United States*, 465 U.S. at 266 (internal quotation marks and citation omitted). To the contrary, "the availability of dismissal after final judgment will adequately protect and secure the defendant for the benefit of his bargain under the nonprosecution agreement if he is entitled to it." *Stolt-Nielsen, S.A. v. U.S*, 442 F.3d at 186 (internal citations omitted).[4]

---

[4] The Eleventh Circuit has found that even where its failure to direct the district court to rule on a motion would cause the indictment to pend indefinitely because

An indictment need only be valid on its face and returned by a legally constituted and unbiased grand jury to warrant a trial on the merits. *United States v. Helstoski*, 576 F.2d 511, 519 (3d Cir. 1978) (declining to dismiss on a writ of mandamus an indictment charging defendant Congressman with bribery despite his argument that he had constitutional right not to be questioned for legislative acts). Any constitutional rights implicated by the indictment or trial will not be lost by the case proceeding to trial. *Id*. This is particularly so where it is not clear or indisputable that the defendant will prevail in those constitutional arguments. *Id*.

### 3. Appellant faces no irreparable injury

Because Appellant can seek review of the district court's denial orders post-trial, he cannot show that he is irreparably injured. As explained above, even an unlawful prosecution "is not alone ground for relief in equity." *Younger v. Harris*, 401 U.S. at 46 (citations omitted). None of Appellant's claims regarding the government's authority to prosecute him establish the irreparable harm required to circumvent established criminal procedure.

Again, the only consequence Appellant faces as a result of the district court's denial of his motions to dismiss is that he now stand trial for the criminal charges brought against him—just like virtually every other defendant in the criminal justice system. The government recognizes that criminal prosecution imposes

---

defendant refused to submit to federal court jurisdiction, such a scenario did not make available legal remedies to challenge the indictment inadequate. *United States v. Shalhoub*, 855 F.3d 1255 (11th Cir. 2017).

substantial burdens on defendants, but courts have long recognized that such hardships are a "painful obligation of citizenship" and not irreparable injuries. *Cobbledick*, 309 U.S. at 325. Appellant will suffer no irreparable harm by delaying the appeal of the district court's rulings.

## CONCLUSION

For the foregoing reasons, including those stated in the government's motion to dismiss appeal (Dkt. 10), the government respectfully requests that this Court dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: _____

Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

## CERTIFICATE OF COMPLIANCE

I, Derek E. Hines, hereby certify that this response to the Court's order contains 3040 words and has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia 13-point font.

*/s Derek E. Hines*
DEREK E. HINES
Senior Assistant Special Counsel

DATED: April 29, 2024.

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Bartholomew J. Dalton, Esq.
>Email: bdalton@bdaltonlaw.com
>Dalton & Associates
>1106 W 10th Street
>Cool Spring Meeting House
>Wilmington, DE 19806
>
>Abbe D. Lowell, Esq.
>Email: adlowell@winston.com
>Winston & Strawn
>1901 L Street NW
>Washington, DC 20036
>
>Christopher D. Man, Esq.
>Email: cman@winston.com
>Winston & Strawn
>1901 L Street NW
>Washington, DC 20036

>*/s Derek E. Hines*
>DEREK E. HINES
>Senior Assistant Special Counsel

DATED: April 29, 2024.