# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA  :

v.    :    No. 24-1703

ROBERT HUNTER BIDEN   :

## GOVERNMENT'S REPLY
## IN SUPPORT OF MOTION TO DISMISS

The United States of America, by and through its counsel of record, hereby files this reply to Defendant's response to the government's motion to dismiss. (Dkt. 15)

## INTRODUCTION

Appellant-Defendant Robert Hunter Biden ("Defendant") appeals the denial of three of his pretrial motions to dismiss the indictment. He filed these same three motions in the United States District Court for the Central District of California where they were also all denied.  Thus, this is the rare case where two United States District Court judges, sitting on opposite sides of the country, found the same motions to be totally meritless.  Defendant now takes the extraordinary step of trying to appeal the district court's order even though it is blackletter law that this Court lacks jurisdiction to hear such an appeal.

In opposing the government's motion to dismiss, Defendant argued interlocutory appellate jurisdiction exists because: (1) he moved to "enjoin" the Special Counsel, even though he never did; (2) the district court's denial of his diversion agreement motion to dismiss was immediately appealable even though this Court has held that an agreement not to prosecute is not a right not to be tried; (3) this Court has mandamus jurisdiction even though he never filed a motion for a petition of writ of mandamus and he cannot satisfy the requirements for mandamus relief; (4) his separation of powers claims are immediately appealable as collateral orders even though the collateral order doctrine is limited to Double Jeopardy claims, Speech and Debate claims and appeals of bail orders, which are not at issue here; and (5) this Court has pendent jurisdiction over these same claims, even though they are not pendent to any issue over which this Court can exercise jurisdiction. Because this Court lacks jurisdiction, the motion to dismiss should be granted immediately.

## ARGUMENT

Defendant's attempt to appeal the district court's denials of his pretrial motions invites exactly the kind of piecemeal litigation the Supreme Court has said must be avoided. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) ("Permitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court

2

judges, who play a 'special role' in managing ongoing litigation."). Further, if not immediately denied, its effect will be to delay the trial of this case, an outcome that must also be avoided. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (". . . encouragement of delay is fatal to the vindication of the criminal law."). This tactic should be resoundingly rejected because it asks this Court to treat this defendant differently from all other criminal defendants who cannot appeal such orders and thus offends the rule of law.

**A. Defendant never sought injunctive relief in the district court.**

In his Response, Defendant claims that he sought to "enjoin" Special Counsel David Weiss. (Dkt. 15 at 1) He did not. He claims to have asked for injunctive relief on page 21 of his "Motion to Dismiss the Indictment Because Special Counsel Weiss was Unlawfully Appointed and this Prosecution Violates the Appropriations Clause." *Id.* But that filing only has 11 pages. Defendant never requested injunctive relief in his motion," (ECF 62) in the proposed order he submitted with it, (ECF 62-1) or in his reply (ECF 80). In fact, in his reply, Defendant rejected an injunction as the appropriate remedy arguing:

> Where government funding for a prosecution simply runs out, an injunction against prosecution may be appropriate to permit the prosecution to seek an appropriation of funds from Congress so that the prosecution may resume. **Such a remedy would be inadequate here**, however, because the Special Counsel already has violated the Appropriations Clause by spending funds that were not appropriated to him to conduct his investigation and bring this case.

3

(ECF 80 at 17) (emphasis added)  Having expressly disclaimed seeking an injunctive remedy in the district court, it is a misrepresentation to say in this Court that he did.

Ultimately, and this fact is most fatal to Defendant's claim that there is jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), the order that Defendant is appealing nowhere contains a denial of a motion for an injunction.  (ECF 101)

### B. Claims based on the Appropriations Clause and unlawful appointment issues are not "rights not to be tried."

In his Response, Defendant selectively quotes the Supreme Court's decision in *Axon Enterprises, Inc. v. FTC*, 598 U.S. 175, 191 (2023) claiming it found "this sort of collateral order analogous 'to our established immunity doctrines, explaining "[t]here we have identified certain rights not to stand trial or face other legal processes." (Dkt. 15 at 8)  But the pretrial order in this case, denying a motion to dismiss, is nothing like what was at issue in *Axon*.  Rather, in *Axon*, the Supreme Court addressed the narrow and highly technical question of a "special statutory review scheme" that applies only to the Securities and Exchange Commission and the Federal Trade Commission.  *Axon* is not a broad ruling that all claims, in civil and criminal cases, challenging a government agency's authority, "in terms of appointment and appropriated funding," as Defendant describes it, are now collateral orders appealable to a Circuit Court. In fact, the Supreme Court expressly disclaimed such a framing of their decision:

4

"[n]othing we say today portends newfound enthusiasm for interlocutory review." *Axon*, 598 U.S. at 192.

### C. An agreement not to prosecute confers on a defendant the right not to be convicted or punished, not a right to avoid trial.

In his Response, Defendant incorrectly contends the diversion agreement is enforceable under the Fifth Amendment's Due Process Clause and "[t]he Due Process Clause, on which Biden relies, is in the same Fifth Amendment as the Double Jeopardy Clause." (Dkt. 15 at 9)

Defendant misunderstands the law. The Supreme Court's decision in *Abney v. United States,* 431 U.S. 651, 659–63 (1977) rests on a textual interpretation of the Double Jeopardy Clause, not the fact that it is located in the Fifth Amendment:

> The Constitution of the United States, in the Fifth Amendment, declares, "nor shall any person be subject (for the same offense) to be twice put in jeopardy of life or limb." The prohibition is not against being twice punished, but against being twice put in jeopardy …

431 U.S. 651, 661 (1977) (cleaned up); *see also Richardson v. United States*, 468 U.S. 317, 320 (1984).

The Defendant claims in his response that the Ninth Circuit allows interlocutory appeals of his Due Process claims citing its decisions in *United States v. Morales,* 465 F. App'x 734, 736 (9th Cir. 2012) and *United States v. Sandoval–Lopez,* 122 F.3d 797, 799–800 (9th Cir. 1997). In both those cases,

defendants made Double Jeopardy claims. In the instant case, defendant has not. The absence of such a claim makes this case distinguishable from *Morales* and *Sandoval Lopez*. A district court in the Ninth circuit reached a similar conclusion in *United States v. Foakes*, No. 17-CR-00533-EMC-2, 2023 WL 2394533, at *2 (N.D. Cal. Mar. 6, 2023). In that case, the district court reasoned:

> Although the Ninth Circuit in *Sandoval-Lopez* accepted the interlocutory appeal of the defendants' breach of plea agreement claim and double jeopardy claim (notably, just because the court ruled on non-constitutional grounds doesn't mean that the double jeopardy claim wasn't a basis for interlocutory appellate jurisdiction in the first instance), the instant case does not have a double jeopardy claim to anchor the interlocutory appeal. Unlike *Sandoval-Lopez*, and like *Solano*, this case only involves an appeal of the non-constitutional breach claim. There is no double jeopardy claim.

*Id*.

Further, the Ninth Circuit expressly rejected Defendant's Due Process argument in *United States v. Solano,* 605 F.2d 1141, 1142 (9th Cir. 1979). In the Response, Defendant claims that in *Solano* the Ninth Circuit "rejected the defendant's request for the 'court to exercise its inherent supervisory power over district court proceedings" and "*Solano* means only the Ninth Circuit will not use its inherent supervisory authority to review such during an *Abney* appeal." (Dkt. 15 at 10, n. 5) Not so. Defendant's partial quote from the Court's opinion omits that portion of the holding that directly forecloses his appeal. This is what the Ninth Circuit said in *Solano*:

6

> Several of the appellants present **arguments that are based on the Due Process Clause** and other appellants ask this court to exercise its inherent supervisory power over district court proceedings. Insofar as such arguments do not directly invoke the Double Jeopardy Clause, they are not properly the subject of an *Abney* appeal and we decline to consider them at this stage of the proceedings.

*Id*. (emphasis added). Similarly, in *Solano*, the court also held that, "because claims relating to allegedly violated plea bargains are not strictly based upon the Double Jeopardy Clause, we will not consider such arguments in a pre-trial *Abney* appeal. *Id*. at 1143. Thus, *Solano* also rejects Defendant's claim that this Court has jurisdiction to hear such appeals.

Defendant claims in his Response that unlike immunity provisions in plea agreements, the "Agreement Not to Prosecute," contained in the diversion agreement is a right not to be tried. Dkt. 15 at 11. This Court has never held as such. Those courts that have addressed the question have rejected Defendant's view. *In United States v. Bailey*, the Eight Circuit found that:

> . . . an agreement not to prosecute, expressed in a prior plea agreement or cooperation agreement, is in essence a promise not to be punished, which is adequately remedied by a dismissal after final judgment and which is therefore not entitled to immediate appeal.

*United States v. Bailey*, 34 F.3d 683, 690 (8th Cir. 1994); see also *United States v. Bird,* 709 F.2d 388, 392 (5th Cir.1983). The same conclusion applies here.

7

### D. Defendant never filed a petition for a writ of mandamus, but even if he had, he can't satisfy the requirement for such relief.

Defendant claims in his Response that of the Court finds appellate jurisdiction lacking, the Court should issue a writ of mandamus and order the district court to dismiss the indictment based on Defendant's diversion agreement immunity claims. (Dkt. 15 at 12) Even if he had filed a petition for a writ of mandamus, which he did not, Defendant could not meet the requirements for such relief, as discussed in the government's Memorandum in Response to the Court's Order Inviting Briefs Regarding Finality and Appealability of Judgment. (Dkt. 14 at 7) Specifically, to obtain mandamus relief, petitioners must show: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." *In re Abbott Laboratories*, 96 F.4th 371, 379 (3d Cir. 2024). In his Response, Defendant only addresses whether the district court clearly abused its discretion. Having failed to even address the other requirements for mandamus, this Court should decline to treat his notice of appeal as a petition for writ of mandamus.

Even as to the one factor he does address, Defendant has failed to meet his burden. Defendant argues that it was an abuse of discretion for the district court to conclude that "the Agreement unambiguously requires Probation to sign the contract as a condition precedent." (Dkt. 15 at 18) The problem for the

Defendant is that he took the position before the district court that the agreement was unambiguous. (ECF 60 at 9) He can't now argue that it was an abuse of discretion to find that the agreement was unambiguous.

Defendant also criticizes the district court for "adopt[ing] an objective theory of contracts used by Delaware courts in civil contexts in which contracts are interpreted based on the views of a third-party reading the contract's language." (Dkt. 15 at 17) But it was Defendant that urged the district court to take this approach, writing in his motion "Under Delaware contract law, courts interpret contracts based on their plain language alone, absent some ambiguity," and citing, *CKSJB Holdings LLC v. EPAM Sys., Inc.*, 837 F. App'x 901, 904-05 (3d Cir. 2020) (citing Delaware law) and, 2023 WL 4546333, at *6 (D. Del. July 14, 2023). (ECF 60 at 9)

Defendant also claims that Judge Scarsi, who presides over Defendant's criminal tax prosecution in the Central District of California "came to a completely different conclusion than the court below." (Dkt. 15 at 14) He did not. Both Judges found that the approval of U.S. Probation was a condition precedent. And both Judges found that, as a result of the fact that it was not fulfilled, the Defendant had no immunity from the charges in the respective indictments.

Defendant claims in his Response that "[t]his Court, too, has allowed collateral **appeals** of separation of powers claims." (Dkt. 15 at 22) (emphasis

added)  But then he only cites a single case from the Third Circuit, and it is an appeal by the government of an order disqualifying prosecutors.  *United States v. Whittaker*, 268 F.3d 185 (3d Cir. 2001).  The other out-of-circuit cases he cites are also ones where the government appealed orders disqualifying prosecutors.  He doesn't cite a single case where a denial of a motion to dismiss on separation of powers grounds was found to be an immediately appealable collateral order.  And there are none.

**E. There is no pendent jurisdiction to hear Defendant's claims.**

Defendant claims that this Court can exercise pendent jurisdiction over his "diversion agreement issues," (Dkt. 15 at 19) and "separation of powers issues," (Dkt. 15 at 25).  But Defendant misunderstands pendent appellate jurisdiction.  He argues that under the collateral order doctrine, this Court has jurisdiction to hear an interlocutory appeal of the district court's denial of both motions.  Pendent jurisdiction, however, must first arise over claims independent of those related to his diversion agreement or separation of powers claims, not those claims themselves.  Put another way, the claims are not pendent to anything that this Court has jurisdiction to hear on an interlocutory basis.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court dismiss this appeal for lack of jurisdiction.

DATED: May 6, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ Leo J. Wise
Leo J. Wise
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## CERTIFICATE OF COMPLIANCE

I, Leo J. Wise, hereby certify that this motion complies with (1) the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 2357 words, and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Georgia 13-point font.

*/s Leo J. Wise*
Leo J. Wise
Principal Senior Assistant Special Counsel

DATED: May 6, 2024.

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

> Bartholomew J. Dalton, Esq.
> Email: bdalton@bdaltonlaw.com
> Dalton & Associates
> 1106 W 10th Street
> Cool Spring Meeting House
> Wilmington, DE 19806
>
> Abbe D. Lowell, Esq.
> Email: adlowell@winston.com
> Winston & Strawn
> 1901 L Street NW
> Washington, DC 20036
>
> Christopher D. Man, Esq.
> Email: cman@winston.com
> Winston & Strawn
> 1901 L Street NW
> Washington, DC 20036

*/s Leo J. Wise*
Leo J. Wise
Principal Senior Assistant Special Counsel

DATED: May 6, 2024.