UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

BCO-103

No. 24-1703

UNITED STATES OF AMERICA

v.

ROBERT HUNTER BIDEN,
Appellant

(D. Del. No. 1-23-cr-00061-001)

Present: SHWARTZ, CHUNG, and SMITH, Circuit Judges

1. Clerk's Submission for Possible Dismissal Due to Jurisdictional Defect;

2. Appellee's Motion to Dismiss Appeal;

3. Appellee's Response to Clerk's Order Regarding Jurisdiction;

4. Appellant's Response to Clerk's Order Regarding Jurisdiction and to Appellee's Motion;

5. Appellee's Reply in Support of Motion to Dismiss.

Respectfully,
Clerk/tmm

_____ORDER_____

PER CURIAM

The defendant in this criminal case appealed three pretrial orders entered on April 12, 2024, denying his motions to dismiss the indictment.

This appeal is DISMISSED because the defendant has not shown the District Court's orders are appealable before final judgment. See Flanagan v. United States, 465 U.S. 259, 263 (1984).

In the defendant's first motion to dismiss, he argued the indictment violated a non-prosecution provision in a "diversion agreement" he and the government previously

signed.  See United States v. Biden, No. 1:23-cr-00061-001, 2024 WL 1603367 (D. Del. Apr. 12, 2024).  The District Court's denial does not qualify as an immediately appealable collateral order.  The collateral-order doctrine is a "narrow exception" to the final-judgment rule and "interpreted [. . .] with the utmost strictness in criminal cases."  See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798–99 (1989).  Collateral-order analysis must be based on the category to which the order belongs instead of individualized case-by-case determinations.  See Mohawk Indus., Inc., v. Carpenter, 558 U.S. 100, 107 (2009).

Orders that decline to dismiss charges are generally not collateral orders, see, e.g., United States v. Soriano Nunez, 928 F.3d 240, 243 (3d Cir. 2019), unless the defendant asserts a "right not to be tried," see, e.g., Midland Asphalt Corp., 489 U.S. at 800–02.  Rights not to be tried must stem from a "statutory or constitutional guarantee that trial will not occur," such as the Double Jeopardy Clause, and very few rights have been recognized as such.  See id. at 801–02; Flanagan, 465 U.S. at 266–67 ("[V]irtually all rights of criminal defendants [. . . are] merely a right not to be convicted in certain circumstances.").

Non-prosecution agreements do not implicate a right not to be tried or any other right that can be collaterally appealed.  See, e.g., Stolt-Nielsen, S.A., v. United States, 442 F.3d 177, 182–87 (3d Cir. 2006); United States v. Fokker Servs. B.V., 818 F.3d 733, 748 (D.C. Cir. 2016); United States v. Wampler, 624 F.3d 1330, 1333–38 (10th Cir. 2010); United States v. Ecker, 232 F.3d 348, 349–50 (2d Cir. 2000); United States v. Bailey, 34 F.3d 683, 690–91 (8th Cir. 1994), abrogated in part on other grounds by United States v. Gaudin, 515 U.S. 506, 523 (1995); cf. Midland Asphalt Corp., 489 U.S. at 801 (quoting United States v. MacDonald, 435 U.S. 850, 860 n.7 (1978)); Heike v. United States, 217 U.S. 423, 428–33 (1910).  Therefore, the District Court's order is not appealable as a collateral order.

The defendant alternatively seeks review of the diversion-agreement decision via mandamus under 28 U.S.C. § 1651.  Mandamus is an "extreme" and "extraordinary" remedy reserved for petitioners with a "clear and indisputable" right to relief, no "alternate avenue for adequate relief," and a likelihood of irreparable injury.  See In re Abbott Lab'ys, 96 F.4th 371, 379 (3d Cir. 2024).  The defendant does not meet that standard, so his request for a writ of mandamus is DENIED.

In his second motion to dismiss, the defendant argued (1) he was vindictively and selectively prosecuted and (2) the indictment violated separation-of-powers principles because it was improperly motivated by the Legislative Branch and political pressure.  See United States v. Biden, No. 1:23-cr-00061-001, 2024 WL 1603774 (D. Del. Apr. 12, 2024).  The defendant seeks review of only the District Court's decision denying his motion on the separation-of-powers issue.

2

The defendant contends the denial of his second motion to dismiss is an appealable collateral order because it is analogous to appeals brought by federal prosecutors challenging their disqualification, see, e.g., United States v. Williams, 68 F.4th 564, 569–70 (9th Cir 2023); United States v. Bolden, 353 F.3d 870, 873–78 (10th Cir. 2003), and appeals brought by current and former government officials claiming they are immunized from prosecution based upon separation-of-powers principles, see, e.g., United States v. Trump, 91 F.4th 1173, 1183–88 (D.C. Cir. 2024), cert. granted, 218 L.Ed.2d 185 (2024); United States v. Claiborne, 727 F.2d 842, 844–45 (9th Cir. 1984). This defendant's appeal does not fit into either box. His separation-of-powers argument is more analogous, for categorical collateral-order analysis, to claims of vindictive and selective prosecution, see Claiborne, 727 F.2d at 849, or to claims of prosecutorial misconduct before a grand jury, see United States v. Fisher, 871 F.2d 444, 445–52 (3d Cir. 1989). Criminal defendants raising those challenges cannot appeal before final judgment. See Wampler, 624 F.3d at 1338–39 (defendant argued "district court improperly usurped the Executive's prosecutorial function by effectively instructing the government to launch indictments"). "[Defendants] may raise separation of powers as a defense. But it scarcely follows that whenever a defendant relies on the separation-of-powers doctrine, the defendant's right must be treated as if it rested on an explicit guarantee that trial will not occur." United States v. Cisneros, 169 F.3d 763, 768–71 (D.C. Cir. 1999) (cleaned up).[1]

In the defendant's third motion to dismiss, he argued (1) the prosecuting U.S. Attorney's appointment as a special counsel violated 28 C.F.R. § 600.3(a)'s requirement that special counsel be "selected from outside the United States Government" and (2) the Special Counsel improperly used an appropriation established by Congress for "independent" counsel without the requisite independence. See United States v. Biden, No. 1:23-cr-00061-001, 2024 WL 1603775 (D. Del. Apr. 12, 2024). The defendant contends the denial of this motion is appealable because it, in effect, refused him an injunction. The District Court did not explicitly refuse to enjoin the continued appointment of the special counsel, nor the continued use of appropriation of funds, nor did the defendant explicitly ask for such an injunction. Furthermore, the defendant has not shown the order has a "serious, perhaps irreparable, consequence" and can be "effect[ually] challenged only by immediate appeal." See, e.g., Office of the Comm'r of Baseball v. Markell, 579 F.3d 293, 297–98 (3d Cir. 2009) (citing Carson v. Am. Brands,

---

[1] Moreover, the defendant's reliance on Axon Enterprise, Inc., v. FTC, 143 S. Ct. 890, 902–04 (2023), here and in other collateral-order arguments, is misplaced. That case dealt with a "here-and-now injury," but criminal defendants seeking dismissal must show more: a right not to be tried stemming from a statutory or constitutional guarantee that trial will not occur. See Axon Enterprise, Inc., 143 S. Ct. at 904 ("Nothing we say today portends newfound enthusiasm for interlocutory review.").

Inc., 450 U.S. 79, 84 (1981)). Accordingly, the denial of the defendant's third motion to dismiss is not an appealable order denying an injunction.

The District Court's denial of the defendant's third motion is also not appealable as a collateral order. For collateral-order purposes, the rejection of the defendant's claim that the Special Counsel's appointment violated a regulation is analogous to other challenges to a prosecutor's appointment or authority. Rejection of these challenges do not constitute collateral orders. See Deaver v. United States, 483 U.S. 1301, 1301–03 (1987) (Rehnquist, C.J., in chambers); United States v. Wallach, 870 F.2d 902, 907 (2d Cir. 1989); Deaver v. Seymour, 822 F.2d 66, 70–71 (D.C. Cir. 1987); United States v. Caggiano, 660 F.2d 184, 191 & n.7 (6th Cir. 1981). Moreover, categorically similar issues have been reviewed on appeal after a final or otherwise appealable decision. E.g., Morrison v. Olson, 487 U.S. 654, 668, 659 (1988); In re Grand Jury Investigation, 916 F.3d 1047, 1051 (D.C. Cir. 2019); United States v. Blackley, 167 F.3d 543, 545–49 (D.C. Cir. 1999); United States v. Wade, 83 F.3d 196, 197–98 (8th Cir. 1996); United States v. Prueitt, 540 F.2d 995, 999–1003 (9th Cir. 1976); In re Persico, 522 F.2d 41, 44–46 (2d Cir. 1975). Similarly, there is no collateral-order jurisdiction over the District Court's rejection of the defendant's appropriation argument and this order can be effectively reviewed after final judgment. E.g., United States v. Trevino, 7 F.4th 414, 420–23 (6th Cir. 2021); cf. United States v. Bilodeau, 24 F.4th 705, 711–12 (1st Cir. 2022) (finding appellant's injunction request could not be effectively reviewed after final judgment).

For those reasons, the defendant's appeal is DISMISSED for lack of appellate jurisdiction and his alternative request for a writ of mandamus is DENIED.

Dated: May 9, 2024
Tmm/cc: Derek E. Hines, Esq.
       Leo Wise, Esq.
       Bartholomew J. Dalton, Esq.
       Abbe D. Lowell, Esq.
       Christopher D. Man, Esq

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate