# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

ROBERT HUNTER BIDEN,

*Defendant-Appellant*.

———————————

On Appeal from the United States District Court for the District of Delaware,
No. 1:23-cr-00061-MN-1

———————————

## APPELLANT'S MOTION FOR PANEL REHEARING
## AND REHEARING *EN BANC*

———————————

ABBE DAVID LOWELL
  *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

May 20, 2024

# LOCAL RULE 35.1 STATEMENT OF COUNSEL

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court in several respects:

(1) denial of Biden's right to an interlocutory appeal seeking an injunction under 28 U.S.C. §1292(a)(1) creates a new circuit split with the First and Ninth Circuits, *see United States v. Bilodeau*, 24 F.4th 705 (1st Cir. 2022); *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016);

(2) with respect to the 28 U.S.C. §1291 collateral order issues, the panel decision violated *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949), and related cases, by adding and then misapplying an element to the *Cohen* test;

(3) denial of Biden's ability to challenge the Special Counsel's authority and separation of powers arguments concerning coercion from Congress to override the Executive Branch's independent charging decision as a collateral order is contrary to the Supreme Court's decision in *Axon Enterprises v. FTC*, 598 U.S. 175 (2023), and related cases, holding that being subject to unauthorized government proceedings is an injury that can be remedied through a collateral order;

(4) denial of Biden's ability to raise his immunity claim through his Diversion Agreement as a collateral order conflicts with the Supreme Court's decision in *Abney v. United States*, 431 U.S. 651, 659–63 (1977); creates a circuit split with the Ninth Circuit as to whether denial of plea agreement immunity is a collateral order, *United States v. Morales*, 465 F. App'x 734 (9th Cir. 2012); *United States v. Sandoval–Lopez*, 122 F.3d 797, 799 (9th Cir. 1997); and conflicts with this Court's decision in *In re A.M.*, 34 F.3d 153 (3d Cir. 1994) (Alito, J.), and related cases, holding denial of diversion to the juvenile justice system can be appealed as a collateral order.  Each of these issues involves questions of exceptional importance concerning a criminal defendant's constitutional right not to be tried.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Appellant Robert Hunter Biden*

## INTRODUCTION

The motions panel's May 9, 2024 *per curiam* opinion decision dismissing this interlocutory appeal for lack of jurisdiction, rendered after abbreviated and lopsided briefing favoring the Special Counsel,[1] errs for many reasons, and should be revisited by the panel or the full court *en banc*.

First, the panel decision conflicts with Section 1292(a)(1), which explicitly provides jurisdiction over "interlocutory orders" denying an injunction, and creates a circuit split from the First and Ninth Circuits on the appealability of Appropriation Clause injunctions, *see United States v. Bilodeau*, 24 F.4th 705, 711–12 (1st Cir. 2022); *United States v. McIntosh*, 833 F.3d 1163, 1172-73 (9th Cir. 2016);

Second, as to the 28 U.S.C. §1291 collateral order issues, the panel violated *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and related cases, by adding and then misapplying a new element to the *Cohen* test;

Third, the panel decision improperly denied Biden's right not to be tried by a Special Counsel acting without authority and an indictment brought due to coercion by Congress in violation of separation of powers and the Take Care Clause, contrary

---

[1] This Court's April 17, 2024 Order called for simultaneous jurisdictional briefing, but the Special Counsel then filed a motion to dismiss for lack of jurisdiction on April 19, 2024. Biden filed a single response to both. Although the Special Counsel's motion satisfied the Court's Order, the Special Counsel filed an additional response to the Order, and then a reply brief. There was no oral argument.

to the Supreme Court's decision in *Axon Enterprises v. FTC*, 598 U.S. 175, 191 (2023), and related cases.

Finally, in denying Biden's ability to raise his immunity claim through his Diversion Agreement as a collateral order, the panel decision conflicts with *Abney v. United States*, 431 U.S. 651, 659–63 (1977); creates a circuit split with the Ninth Circuit as to whether denial of plea agreement immunity is a collateral order, *United States v. Morales*, 465 F. App'x 734 (9th Cir. 2012); *United States v. Sandoval–Lopez*, 122 F.3d 797, 799 (9th Cir. 1997); and conflicts with this Court's decision in *In re A.M.*, 34 F.3d 153, 156 (3d Cir. 1994), and related cases, holding denial of diversion to the juvenile justice system is a collateral order.

At a minimum, Biden's petition for panel rehearing should be held in abeyance because he is working to cure one jurisdictional defect the motions panel's decision identified with his claim for Appropriations Clause injunctive relief under 28 U.S.C. §1292(a)(1). The panel found no jurisdiction over the injunction denial because it concluded an injunction was not sought clearly enough. Panel.3. On May 14, 2024, Biden moved the district court for such an injunction *explicitly*, just hours after a district court hearing. Del.D.E.127. At that hearing, Biden's counsel advised that motion would be coming, and the district court indicated it would be denied. 5/14/24 Tr. at 14. Nevertheless, the district court has not yet ruled on that motion. Once the motion is denied, Biden will appeal and, as the cases cited by the panel

hold, denial of an *explicit* motion for an injunction is automatically appealable. Panel.3 (citing *Comm'r of Baseball v. Markell*, 579 F.3d 293, 297–98 (3d Cir. 2009).[2]

Also today, May 20, 2024, Biden filed a notice of appeal of the district court's May 9, 2024 denial of Biden's December 11, 2023 motion to dismiss under the Second Amendment (Del.D.E.114), which now provides this Court with jurisdiction over an appeal. *See* Accompanying Motion for Stay at 3 n.4 (addressing appealability of this issue). Thus, resolution by the panel as to the issues previously appealed, the new Second Amendment appeal, and the anticipated appeal of denied injunctive relief, will help determine the scope of the appeal.

## ARGUMENT

### I. APPELLATE JURISDICTION EXISTS OVER BIDEN'S APPROPRIATIONS CLAUSE VIOLATION AND CHALLENGE TO THE SPECIAL COUNSEL'S APPOINTMENT

Biden moved to dismiss the indictment because the Special Counsel has no funding appropriation from Congress, but he explicitly noted an injunction is another possible remedy. *See, e.g.*, *United States v. Pisarski*, 965 F.3d 738, 743 (9th Cir. 2020) (affirming Appropriations Clause injunction). The district court found no Appropriation Clause violation, without addressing the remedy.

---

[2] This appeal includes the antecedent question of whether the Special Counsel was properly appointed. *See, e.g.*, *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 (3d Cir. 1982) (*en banc*).

Additionally, Biden challenged the Special Counsel's appointment because the Special Counsel also serves as U.S. Attorney for the District of Delaware. Because Special Counsel are appointed to address conflicts within the U.S. government, DOJ regulations provide: "The Special Counsel *shall* be selected from *outside* the United States Government." 28 C.F.R. §600.3 (emphasis added). The Supreme Court found this very sort of regulation binding in *United States v. Nixon*, 418 U.S. 683, 695 (1974) (finding Executive Branch bound by regulation delegating authority to Special Prosecutor, so President could not use his authority as head of the Executive Branch to countermand the Special Prosecutor).

### A. Denial Of Injunctive Relief For Appropriations Clause Violations Is Appealable Under Section 1292(a)(1)

A denied injunction is an appealable "interlocutory order" under Section 1292(a)(1), but the panel improperly dismissed the appeal, creating conflict with the First and Ninth Circuits. *See Bilodeau*, 24 F.4th at 711–12; *McIntosh*, 833 F.3d at 1172-73. Because the panel concluded Biden never "explicitly ask[ed] for such an injunction," it looked to this Court's test for whether the district court's denial had the "practical effect" of denying an injunction. Panel.2 (*citing Markell*, 579 F.3d at 297–98 (applying "practical effect" test of *Carson v. Am. Brands*, 450 U.S. 79 (1981))). That test requires such an order, like a collateral order under Section 1291, cause "irreparable" injury that can be avoided "only by immediate appeal." *Id.*

(quoting *Markell*, 579 F.3d at 297-98).  Without analysis the panel found that test not met.

The panel was wrong because the Special Counsel's unauthorized spending of U.S. Treasury funds causes Biden a "'here-and-now injury' from being subjected to an illegitimate proceeding" and "as to that grievance, the court of appeals can do nothing: A proceeding that has already happened cannot be undone.  Judicial review . . . would come too late to be meaningful." *Axon*, 598 U.S. at 191 (quoting *Seila L. v. CFPB*, 591 U.S. 197, 212 (2020)).  This injury will exist even if Biden "*won*" at trial, because being subjected to trial *is the injury*.  *Id.* at 193.  *Axon* repeatedly describes the appeal of such injury as a "collateral" order.  *Id.*

The panel does not explain how it could be otherwise.  A successful appeal after trial would not undo all that Biden had to withstand from an "illegitimate proceeding" nor would it restore the Special Counsel's improperly spent funds to the U.S. Treasury.  Moreover, if acquitted, the Appropriation Clause challenge will evade appellate review altogether.

In claiming this issue can be "effectively reviewed after judgment," the panel's case cite says the *opposite*.  The panel cites *Bilodeau* as a supportive "*cf.*" citation, but its parenthetical shows it is *directly contrary* to the panel's holding: "(finding appellant's injunction request *could not be effectively reviewed* after final judgment)."  Panel.4 (emphasis added).  The First Circuit found it could "safely

treat" the appeal as a "collateral order" because "the alleged wrong is not the prosecution per se, but rather the use of federal funds . . . Absent an injunction, the funds will be spent and cannot be unspent." 24 F.4th at 712. *Bilodeau* cites *McIntosh*, 833 F.3d at 1172-73, where the Ninth Circuit found the injury subject to an interlocutory appeal. Thus, the panel's decision creates an unnecessary circuit split.[3]

The panel's principal citation to support its claim that the issue could effectively be reviewed after judgment is *United States v. Trevino*, 7 F.4th 414, 420–23 (6th Cir. 2021), but *Trevino* says nothing of the sort. *Trevino* concerned a federal statute that barred certain appropriations, and it rejected the appellants claim because the "undisputed facts" showed that bar inapplicable. *Id.* at 423. *Trevino* assumed, without deciding, *McIntosh* was correctly decided. *Id.* at 422. Thus, *Trevino* never discusses the point the panel cites it for, and the Sixth Circuit did not reject First or Ninth Circuit law.

In any event, Biden is curing the lack of an explicit injunction request identified by the panel. On May 14, 2024, he filed a motion in the district court to *explicitly* enjoin the continued use of unappropriated funds. Del.D.E.127. That

---

[3] Since *McIntosh*, the Ninth Circuit has allowed many interlocutory appeals concerning Appropriations Clause injunctions. *Pisarski*, 965 F.3d at 743; *United States v. Campbell*, 820 F. App'x 596 (9th Cir. 2020); *United States v. Evans*, 929 F.3d 1073 (9th Cir. 2019); *United States v. Gilmore*, 886 F.3d 1288 (9th Cir. 2018); *United States v. Zucker*, 743 F. App'x 835 (9th Cir. 2018).

same day, the district court suggested it would deny the motion, but it has not yet ruled.  Biden asks this Court to hold this appeal in abeyance while the district court decides that motion and he then appeals, so the appeals can be considered by the same motions panel.  In accordance with *Markell*, cited by the panel, denial of an *explicit* request for an injunction is immediately appealable without any need to consider other factors.  579 F.3d at 298.  A circuit split with the First and Ninth Circuits can be avoided.

### B.    Appellate Jurisdiction Exists Over The Appropriations Clause And Unlawful Appointment Issues Under Section 1291

Biden's Appropriations Clause challenge and challenge to the Special Counsel's appointment should be reviewed as a collateral order for the same reasons addressed above.  The panel dismissed this interlocutory challenge to the Special Counsel's "appointment or authority" based on a few non-binding decisions from the 1980s that have been swept aside by more recent Supreme Court decisions.  Panel.4.

In relying on outdated cases, the panel repeats the error that led to this Court's reversal in *Bond v. United States*, 564 U.S. 211, 220 (2011).  The issue in *Bond*— and here—is how to view a criminal defendant's alleged injury.  In *Bond*, this Court noted a deep circuit split on whether a private citizen had standing to vindicate a separation of powers violation, concluding individuals lack standing.  *Bond v. United States*, 581 F.3d 128, 138 (2009).  The Supreme Court reversed, explaining "[t]he

structural principles secured by the separation of powers protect the individual as well" and "individuals, too, are protected by the operations of separation of powers and checks and balances; and they are not disabled from relying on those principles in otherwise justiciable cases and controversies." 563 U.S. at 222-23. Now, the Supreme Court explains: "Our precedents have long permitted private parties aggrieved by an official's exercise of executive power to challenge the official's authority." *Seila*, 591 U.S. at 212; *see Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021).

Thus, a criminal defendant raising a separation of powers defense alleges two distinct injuries: (1) a separation of powers injury from being subject to an unlawful process and (2) an injury from any resulting conviction. Although this harm of being subject to unauthorized government actions "may sound a bit abstract[,] . . . this Court has made clear that it is 'a here-and-now injury.'" *Axon*, 598 U.S. at 191 (quoting *Seila*, 591 U.S. at 212).

Biden's challenge to the Special Counsel's authority, both in terms of his appointment and appropriated funding, is collateral to the merits. *See Free Enterp. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490 (2010) ("[P]etitioners object to the Board's existence, not to any of its auditing standards. Petitioners' general challenge to the Board is 'collateral' to any Commission orders or rules from which review might be sought."). Biden raised "a claim about subjection to an

illegitimate proceeding" and it is "being subjected" to the proceeding initiated by the Special Counsel that is his injury, as opposed to "any specific substantive decision" rendered through those proceedings. *Axon*, 598 U.S. at 189, 191. The Supreme Court found this sort of collateral order analogous "to our established immunity doctrines," explaining, "[t]here, we have identified certain rights 'not to stand trial' or face other legal processes." *Id.* at 192. This injury "is impossible to remedy once the proceeding is over, which is when appellate review kicks in." *Id.* at 191. "Judicial review . . . would come too late to be meaningful." *Id.*

### C. The Panel Decision Upends The *Cohen* Test For Collateral Orders

Prior to the panel's decision, the test for collateral orders was well-settled. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949). An interlocutory appeal is allowed if it will "'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *United States v. Mitchell*, 652 F.3d 387, 393 (3d Cir. 2011) (citations omitted). The collateral order doctrine exists to "resolve important questions separate from the merits," and "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (citations omitted). Just as Section 1291 applies in both criminal and civil contexts,

*Cohen* applies the same in *both* contexts too and to *any* party seeking to appeal. Both this Court and the Supreme Court have repeatedly said so. *See, e.g.*, *Abney*, 431 U.S. at 657 (double jeopardy under *Cohen*); *Mitchell*, 652 F.3d at 393 (applying *Cohen* in criminal context); *United States v. Whittaker*, 268 F.3d 185, 192 (3d Cir. 2001); *United States v. Schiavo*, 504 F.2d 1, 5 (3d Cir. 1974) (*en banc*).

Nevertheless, in a cursory footnote, the panel invented a new element for a collateral order that applies *only* to defendants and *only* in criminal cases. The panel claims Biden's "collateral-order arguments" based on the *Axon* "here-and-now injury" line of cases concerning unauthorized proceedings is "misplaced" because "criminal defendants seeking dismissal must show more: a right not to be tried stemming from a statutory or constitutional guarantee that trial will not occur." Panel.3.n1. Not true.

To be sure, a "right not to be tried" is one valid type of collateral order, and there often is a debate over whether the defendant's claimed right is one not to be tried or merely a right not to be convicted. But if a criminal defendant alleges *any* injury that satisfies *Cohen*, he can take an interlocutory appeal.

*Cohen* appeals exist without satisfying the panel's added element. In *Sell v. United States*, the Supreme Court allowed a defendant to appeal a forced medication order, noting it is collateral to the defendant's "guilt or innocence of the crimes charged." 539 U.S. 166, 176 (2003); *see Mitchell*, 652 F.3d at 399 (describing *Sell*

as "applying the *Cohen* test in a criminal case").  Similarly, in *Stack v. Boyle*, the Supreme Court decided the Eight Amendment right to bail is collateral to the trial and effectively unreviewable after trial.  342 U.S. 1, 6 (1951).  And cases like *Helstoski v. Meanor*, allowing Speech or Debate Clause appeals often do not provide a complete right not to be tried, but merely exclude evidence to protect the deliberative function of Members of Congress.  442 U.S. 500, 508 (1979); *see also In re Grand Jury Investig.*, 587 F.2d 589, 594 (3d Cir. 1978) (allowing Congressman to intervene to challenge a subpoena and then appeal Speech or Debate Clause claim as collateral order).

Similarly, Courts of Appeals permit defendants to appeal gag orders to protect collateral First Amendment interests.  *See, e.g.*, *United States v. Trump*, 88 F.4th 990, 1000 (D.C. Cir. 2023).  This Court has indicated it would as well.  *See United States v. Scarfo*, 263 F.3d 80, 91 (3d Cir. 2001) (allowing gag order appeal by defense counsel noting such orders are sometimes imposed "on defendants themselves"); *Mitchell*, 652 F.3d at 398 (citing approvingly *United States v. Brown*, 218 F.3d 415, 422 (5th Cir. 2000), allowing a defendant's collateral appeal of gag order).

This new element does not exist, but it is met here anyway.  Biden's claim rests upon the Appropriations Clause, the Due Process Clause, and Take Care Clause.  Through the Appropriations Clause, Congress decides what actions the U.S.

government will pay for, and Biden has a right not to be tried for any case that Congress has not authorized the funds to prosecute.  Similarly, the Take Care Clause and Due Process Clause require every federal prosecution be authorized by a validly appointed prosecutor.  Not just anyone is allowed to initiate a federal prosecution on behalf of the U.S. government.  Thus, Biden has alleged a right not to be tried that is grounded in the Constitution.  Biden's *Axon* "here-and-now-injury" is sufficient to establish a collateral order.  598 U.S. at 193.  An appeal comes too late to remedy this injury, and there will not even be an appeal if Biden is acquitted.

## II. APPELLATE JURISDICTION EXISTS OVER BIDEN'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO THE DIVERSION AGREEMENT

Biden moved to dismiss under a Diversion Agreement signed by all parties in which Biden would not be prosecuted if he maintained his sobriety and satisfied other conditions.  This too is a collateral order.

Just as the Fifth Amendment's Double Jeopardy Clause provides a right not to be tried, *Abney*, 431 U.S. at 659–63, the same is true of Biden's Diversion Agreement.  The panel is wrong to view this issue as not grounded in a constitutional provision (Panel.2), because the Due Process Clause can present a "right not to be tried."  *Medina v. California*, 505 U.S. 437, 449 (1992) (right not to be tried while incompetent).  When a defendant reaches an agreement based on a promise from the

14

government, the Due Process Clause requires that "such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The promise that must be fulfilled here is unquestionably a right not to be prosecuted. Biden's Diversion Agreement specifically states, under the heading "Agreement Not to Prosecute," that "[t]he United States agrees not to criminally prosecute Biden. . . ." Del.D.E.60-1.¶15. That is the whole point of a Diversion Agreement; the "diversion" is away from the prosecution and into a different process where Biden must abide by certain conditions, including maintaining his sobriety—which he has done—and, in return, the prosecution provides immunity and dismiss the charges once Biden completes the diversion period.

The panel's statement that "[n]on-prosecution agreements do not implicate a right not to be tried or any other right that can be collaterally appealed" (Panel.2) cannot be squared with the literal language of Biden's Diversion Agreement. The panel cites non-binding decisions where some courts find the immunity provided by plea agreements does not confer a right to be tried (*id.*), but there is a circuit split. *See United States v. Morales*, 465 F. App'x 734, 736 (9th Cir. 2012) ("We also have jurisdiction over interlocutory appeals of orders denying a motion to dismiss an indictment on the ground that it was filed in breach of a plea agreement."); *United States v. Sandoval–Lopez*, 122 F.3d 797, 799–800 (9th Cir. 1997).

There is no reason for this Court to wade into this circuit split because *no* Court of Appeals has held that breaches of *diversion agreements* are not appealable collateral orders. The panel's decision is the first, and its conclusion misguided. In the analogous contexts of denied diversions to the juvenile justice system, this Court allows collateral appeals, as do most Courts of Appeals—even those that do not permit collateral appeals of breached plea agreements. *See, e.g.*, *In re A.M.*, 34 F.3d 153, 156 (3d Cir. 1994) (Alito, J) (joining Fourth, Eighth, Eleventh and D.C. Circuits); *United States v. Mendez*, 28 F.4th 1320, 1323–24 (9th Cir. 2022); *In re Sealed Case*, 131 F.3d 208, 210 (D.C. Cir. 1997) (Garland, J., on panel); *United States v. Doe*, 49 F.3d 859, 865 (2d Cir. 1995). That distinction makes sense because a "diversion" represents a new route taken at a fork in the road. Biden is on that divergent path now, delivering the prosecution the benefit of its bargain, and Biden loses the "diversion" benefit he negotiated if he is prosecuted anyway.

## III. APPELLATE JURISDICTION EXISTS OVER BIDEN'S SEPARATION OF POWERS CLAIM

Biden raises a rare separation of powers claim based on Congress coercing the Special Counsel's decision to indict and invading the Executive Branch's independent charging authority under the Take Care Clause. The issue rarely arises because, since Attorney General (later Justice) Robert Jackson, DOJ has refused to share files or discuss pending investigations with Congress specifically to avoid the claim Biden now raises. *See* Del.D.E.63 at 16–20. Here, we know the Special

Counsel did not believe a felony prosecution was warranted because he proposed and signed a Diversion Agreement. But after several House Chairmen exploded in anger over the deal, the Special Counsel reneged and indicted on these charges. The House Chairmen then publicly declared victory in forcing the Special Counsel's hand. The Special Counsel then defied DOJ policy and took the unprecedented step of going before Congress to testify about a pending matter and, after being berated by Congress for not doing more, indicted Biden a second time in California.

The motions panel was convened to address a jurisdictional issue, but inappropriately dismissed this appeal on the merits, which were not even briefed. The panel correctly noted some separation of powers claims involve collateral orders (Panel.3), but determined Biden's claim was distinguishable. Whether Biden's separation of powers claim fits within existing precedent goes to the merits of his claim.

The jurisdictional "focus is on 'the entire category to which a claim belongs'" and courts should "not engage in an 'individualized jurisdictional inquiry.'" *Mohawk*, 500 U.S. at 107 (citations omitted); *see Digital Equip. v. Desktop Direct*, 511 U.S. 863, 868 (1994) (explaining it "expressly rejected" making "a case-by-case" jurisdictional determination) (citation omitted). The strength of the claim and even "whether the appeal is frivolous," based on the facts, is irrelevant to the jurisdictional inquiry. *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996). Having

invoked the right "category" of interlocutory appeal, it is up to a merits panel to determine whether Biden should prevail.

This Court regularly entertains interlocutory double jeopardy claims that it later determines are not viable. *See, e.g.*, *United States v. Ciancaglini*, 858 F.2d 923, 926 n.3 (3d Cir. 1988) (explaining the Court had jurisdiction to decide and reject a defendant's double jeopardy claim, even after the district court correctly certified it as "frivolous"). The Court also has accepted jurisdiction over separation of powers claims it later denied on the merits. *United States v. Menendez*, 831 F.3d 155, 164 (3d Cir. 2016).

The panel also erred in reaching that unbriefed merits question by concluding Biden's appeal is more like a selective or vindictive prosecution claim or prosecutorial misconduct claim, which are not subject to interlocutory appeal. Panel.3. That ignores the separation of powers component of Biden's claim altogether. Biden did argue both selective and vindictive prosecution below, but he did not appeal those claims—only this distinct separation of powers claim. Biden should at least be heard on the merits.

## CONCLUSION

This Court has jurisdiction over Biden's interlocutory appeal.[4]

---

[4] If the Court finds jurisdiction over any of these issues, it should exercise pendent appellate jurisdiction over the rest, and mandamus is appropriate to address the district court's clear error in construing the Diversion Agreement.

Dated: May 20, 2024    Respectfully submitted,

/s/ *Abbe David Lowell*
ABBE DAVID LOWELL
 *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition was filed electronically on May 20, 2024, and will, therefore, be served electronically upon all counsel.

/s/ *Abbe David Lowell*
Abbe David Lowell

**CERTIFICATE OF COMPLIANCE**

This document was filed in response to the Court's April 17, 2024 Order calling for briefing concerning its jurisdiction. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Rule 32(f), this document contains 3,898 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), Third Circuit Rule 32.1, and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word for Microsoft 365 MSO.

/s/ *Abbe David Lowell*

Abbe David Lowell