No. 24-1703

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

UNITED STATES OF AMERICA,

         *Appellee*,

v.

ROBERT HUNTER BIDEN,

         *Defendant-Appellant*.

_____

On Appeal from the United States District Court for the District of Delaware,
No. 1:23-cr-00061-MN-1

_____

**APPELLANT'S EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY AND PERMANENT STAY OF DISTRICT COURT PROCEEDINGS PENDING APPEAL AND STAY OF THIS COURT'S CONSIDERATION OF BIDEN'S PETITION FOR PANEL REHEARING AND REHEARING *EN BANC***

_____

ABBE DAVID LOWELL
  *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

May 20, 2024

# INTRODUCTION

There is no urgency in having an immediate trial of Robert Hunter Biden, but the district court is pressing forward with a June 3, 2024 trial and imposing all the pretrial burdens that come with that even before this Court has issued its mandate returning jurisdiction to the district court.[1] Three relevant new developments have occurred since the motion panel issued its May 9, 2024 *per curiam* decision dismissing Biden's appeal for lack of jurisdiction:

(1) Today, May 20, 2024, Biden filed a petition for rehearing by the panel and *en banc*, which extends the time for the Court to issue a mandate. Fed. R. App. P. 41(b).

---

[1] The indictment charges Biden with non-violent gun offenses from 2018, stemming from his 11-day possession of an unloaded gun, in which nobody was hurt and that the Special Counsel claims was associated with Biden's illicit drug use. Biden has been sober for the last five years, has not possessed a gun since the 2018 incident, never fired the gun, and never committed a violent offense. After a five-year investigation, the prosecution was content with resolving the gun charges through a Diversion Agreement, signed by Biden and the prosecution, but the Special Counsel reneged on that agreement following heavy criticism from extremist Republicans in Congress. The Special Counsel then brought these felony gun charges. After departing from long-standing DOJ policy and testifying before Congress about his pending investigation, where the same Republicans berated him for not being tougher on Biden, the Special Counsel indicted Biden a second time in California on tax charges. The trials are scheduled back-to-back, with the California trial scheduled for June 20, 2024. Republican officials have been pressing for the Special Counsel to bring additional charges and to have the trials before the election as a counterpoint to cases pending against Biden's father's opponent.

(2) Today, May 20, 2024, Biden filed a new notice of appeal from the district court's denial of his December 11, 2023 motion to dismiss under the Second Amendment—an order the district court did not rule upon until May 9, 2024 (Del.D.E.114)—after the motions panel issued its decision.[2] This appeal divests the district court of jurisdiction[3] and, with jurisdiction now before the

---

[2] The Fifth Circuit recently found unconstitutional under the Second Amendment the very gun statute Mr. Biden is charged with violating, 18 U.S.C. §922(g)(3), which prohibits gun possession by anyone "who is an unlawful user of or addicted to any controlled substance," such as marijuana. *United States v. Daniels*, 77 F.4th 337, 342 (5th Cir. 2023). The United States sought certiorari in *Daniels*, but the Supreme Court seems to be holding that petition until it decides a pending challenge to a different prohibition in Section 922 in *United States v. Rahimi*, No. 22-915 (argued Nov. 7, 2023). The district court noted the Fourth Circuit recently held an appeal challenging Section 922(g)(3) in abeyance pending the Supreme Court's decision in *Rahimi*. Del.D.E.114 at 5.n.4 (citing Order Granting Motion for Abeyance, *United States v. Alston*, No. 23-4705 (4th Cir. May 1, 2024)). Biden's counsel asked the district court to do the same, as it makes no sense to proceed to trial while the application of the Second Amendment to Section 922 is in flux and a Supreme Court decision is expected soon, but the district court insisted the June 3, 2024 trial date was firm. 5/14/24 Tr. at 43. The risk of instructional error at trial from the district court not being able to predict what the Supreme Court will decide is great.

[3] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) ("automatic divestiture"). The district court's decision to press ahead with trial before this Court issues its mandate—standing alone—is perilous. *See, e.g., Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, *immediately* conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.") (emphasis added) (vacating district court orders entered after notice of appeal was filed); *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (reversing convictions where jury selection began after the Court of Appeals issued its decision on appeal, but before the mandate issued returning jurisdiction to the district court, rendering a "trial [that] took several

Court on this issue,[4] the panel can consider it when deciding Biden's petition for rehearing.

(3) On May 14, 2024, Biden filed a motion in the district court *explicitly* seeking an injunction under the Appropriations Clause. Del.D.E.127. The panel found there was no 28 U.S.C. §1292(a)(1) jurisdiction over Biden's

---

months, consuming thousands of hours of court and lawyer time," a waste due to divestiture of jurisdiction).

[4] The Supreme Court has swept aside prior precedent that allowed most gun restrictions and has adopted a more absolute framework for protecting the Second Amendment. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Court emphasizes: "The constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Id.* at 70 (quoting *McDonald v. Chicago*, 561 U.S. 742, 780 (2010)). Under this new framework, the Court looks to the First Amendment in deciding how the right that follows it in the Second Amendment should be interpreted. *Id.* at 24. If the protection of a constitutional right "is not how the First Amendment works when it comes to unpopular speech or the free exercise of religion" then "it is not how the Second Amendment works" either. *Id.* at 70. Section 922(g)(3) is a prior restraint on the exercise of Second Amendment rights and the Special Counsel acknowledges this prosecution of Biden is meant to promote general deterrence. Del.D.E.68 at 12, 33. In other words, the Special Counsel is using the threat of criminal sanction in this case to chill Second Amendment rights. In the First Amendment context, a statute that operates as a prior restraint and a prosecution that chills the exercise of those rights create an injury that is irreparable unless judicial redress is provided *before* trial. *See, e.g., Dombrowski v. Pfister*, 380 U.S. 479, 485–86 (1976). "The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded," when "a substantial loss or impairment of freedoms of expression must await" the conclusion of the trial and any appeals. *Id.* The damage to First Amendment interests in awaiting judicial review following a criminal prosecution "clearly show irreparable injury" and those aggrieved are "entitled to be free of the burdens of defending prosecutions." *Id.* at 486, 491. The same is true under the Second Amendment, and Biden will address the jurisdictional issue more thoroughly in his merits brief.

Appropriations Clause motion to dismiss because he had not explicitly sought an injunction. Biden addresses why the panel decision is mistaken in that regard in his petition for rehearing, but he cures any defect by explicitly seeking such an injunction now. At a May 14, 2024, hearing, Biden's counsel advised the district court that he anticipates that court will deny the motion based on its previous finding there was no Appropriations Clause violation and stated that the district court will proceed to exercise jurisdiction and proceed to trial on June 3, 2024. The district court said, "if you want to ask the Third Circuit to tell me to stop, there is a way to do that." 5/14/24 Tr. at 42. At the hearing, the Special Counsel explained that once Biden takes his appeal, they "would immediately file to dismiss such an appeal." *Id.* at 22. Biden will file such an appeal once the district court denies the motion.

Given the shortness of time before trial, and between the trial in California and this one, Biden seeks an immediate administrative stay of the district court proceedings to allow (1) this Court to have Biden's motion for a stay briefed and decided; (2) to allow time for the district court to rule on Biden's Appropriation Clause injunction motion and for Biden to appeal; and (3) for this Court to rule on the pending petition for rehearing by the panel and *en banc*, and to decide the motion to dismiss that the Special Counsel indicated he would file to challenge Biden's new appeal. This Court often grants administrative stays to preserve the status quo to

4

provide it an opportunity to consider providing lasting relief on the merits. *See, e.g., Ol European Grp. B.V. v. Bolivian Republic of Venez.*, 73 F.3d 157, 165 (3d Cir. 2023). Biden also seeks a stay of the district court proceedings pending appeal, until this Court issues its mandate.

As the Supreme Court explains, "whether the litigation may go forward in the district court is precisely what the court of appeals must decide[,] . . . it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Griggs*, 459 U.S. at 58. Given that the new notice of appeal of Biden's denied Second Amendment claim provides jurisdiction under Section 1291, the district court already has been divested of jurisdiction. Additionally, Biden expects the district court to deny his motion for an Appropriations Clause injunction soon, which he will appeal under Section 1292(a)(1), and that will independently divest the district court of jurisdiction. The stays requested by Biden would simply confirm that the district court has been divested of jurisdiction, and the district court has indicated it will otherwise continue to press forward with trial unless this Court "tell[s the district judge] to stop." 5/14/24 Tr. at 42; *see also Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("If we conclude that the appeal invokes our power and presents a genuine issue, the trial must be postponed until the appeal is resolved. . . . [T]he trial is automatically put off; it should not be necessary for the defendants

to come to this court, hat in hand, seeking relief that is theirs by virtue of [defendant's appeal].").

## CONCLUSION

This Court should grant Biden's motion for an administrative stay of the district court proceedings and a stay pending the issuance of this Court's mandate.

Dated: May 20, 2024  Respectfully submitted,

/s/ *Abbe David Lowell*
ABBE DAVID LOWELL
  *Counsel of Record*
CHRISTOPHER D. MAN
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
(202) 282-5000
ADLowell@winston.com
CMan@winston.com

*Counsel for Defendant-Appellant Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was filed electronically on May 20, 2024, and will, therefore, be served electronically upon all counsel.

/s/ *Abbe David Lowell*
Abbe David Lowell

# CERTIFICATE OF COMPLIANCE

I, Abbe David Lowell, hereby certify that this motion complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 1,737 words, and the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: May 20, 2024

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Defendant-Appellant
Robert Hunter Biden*